---

## In re VANDERBILT'S ESTATE.

(Supreme Court, Appellate Division, First Department.    April 12, 1900.)

1. SUCCESSION TAX—APPRAISEMENT—RES ADJUDICATA.

Where testator left a fund in trust, with power of appointment in the beneficiary, and surrogate proceedings for the imposition of a tax on the general estate of testator determined that such trust fund was not subject to any transfer or inheritance tax, such fund or the right of succession never having been taxed, such proceedings could not render a subsequent tax law inoperative thereto.

2. SAME—CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATIONS.

The collateral inheritance tax law of 1885 did not establish any contractual obligation that the estates of those who died while the law was in effect might be disposed of by them without the imposition of any further taxes on rights created by the will. Hence Laws 1897, c. 284, providing that, when any person shall exercise a power of appointment derived from a disposition of property made either before or after such enactment, the same shall be deemed a transfer, and shall be taxed, was not invalid, as impairing the obligations of contracts, though it was retroactive and included a right of succession to a trust fund by power of appointment created by a testator under the law of 1885.

3. SAME—POWERS—APPOINTMENT—TITLE—VESTED RIGHTS.

Where testator, dying in 1885, established a trust in favor of his son, directing that on the son's death the fund should be paid to his lawful issue as he might direct, though, on the death of the son after exercising the power of appointment, the appointees derived title from the original testator, there was no complete vesting of title until the power was exercised; and hence subjecting the fund to the transfer tax under Laws 1897, c. 284, imposing a tax on the right of succession derived from the exercise of a power of appointment, and declaring the act constituting the transfer to be the exercise of the power, did not deprive the appointees of any vested rights.

Appeal from surrogate's court, New York county.

In the matter of the appraisement of the estate of William H. Vanderbilt, deceased. Petition by a trustee, praying an adjudication that the fund held in trust by him under the will of said William H. Vanderbilt was not liable to a transfer tax, by reason of the exercise of a power of appointment to such fund created under the will.

From an order of the surrogate denying a motion for such adjudication, petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry B. Anderson, for appellant.

Jabish Holmes, Jr., for respondent.

PATTERSON, J. The single question arising on this appeal may be stated as follows: Is the right of succession to the trust fund created by the will of William H. Vanderbilt, and as to which a power of appointment was given to the testator's son Cornelius Vanderbilt, subject to the imposition of a transfer tax under the provisions of chapter 284 of the Laws of 1897? The question arises upon the following facts: William H. Vanderbilt died in 1885, and his will was admitted to probate in the month of December of that year. The trust fund involved in this proceeding was established in favor of his son Cornelius, who was to enjoy the income for life. The testator directed that upon the death of Cornelius the fund should be paid to his lawful issue, in such shares or proportions as Cornelius might by his last will have directed or appointed; and in default of such appointment the gift is made directly to the issue, with an alternative disposition on failure of such issue. Cornelius Vanderbilt died in 1899, leaving a last will and testament, which was duly admitted to probate, and in and by which he exercised the power given by the will of his father, by appointing a certain specified portion of the fund to one of his sons, and directing that the balance be equally divided among his other children. At the time of the death of William H. Vanderbilt, this fund, or the right of succession to it, was not taxable under the collateral inheritance tax law. The trustees of the fund held and administered it until the death of Cornelius Vanderbilt. In 1897 an amendment of subdivision 5 of section 220 of the tax law was passed, which provides that, whenever any person shall exercise a power of appointment derived from any disposition of property made either before or after the passage of the amendment, such appointment, when made, shall be deemed a transfer, taxable under the provisions of the act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will. In December, 1899, a trustee of the fund under the will of William H. Vanderbilt presented a petition to the surrogate, setting forth the creation of the trust fund (with other trusts of a similar character, for the benefit of other persons), and that, through proceedings taken in 1887 to assess and determine the tax upon legacies made under the will of William H. Vanderbilt, it was in effect determined that the fund herein referred to was not subject to any transfer or inheritance tax. The petition sets forth the exercise of the power of appointment by Cornelius Vanderbilt, and the names of his children, and that the comptroller of the city of New York claims that the fund, or some portion of it, may be subject to the payment of a tax by reason of the provisions of chapter 284 of the Laws of 1897; and he

prays that it be adjudged by the surrogate that neither said fund, nor any part thereof, is liable to any such tax by reason of any of the said provisions or otherwise. This petition is in the nature of an application to the surrogate to determine the subject of taxation as applicable to this trust fund, and the matter was submitted in that aspect upon a stipulation as to agreed facts. The surrogate decided and decreed that the fund is subject to a transfer tax of 1 per cent., under and pursuant to chapter 284 of the Laws of 1897, and that proceedings to assess the same must be had accordingly, and further ordered and decreed that the motion to declare the fund exempt from taxation be in all respects denied.

On the argument of this appeal, and in the briefs submitted by counsel, many subjects were discussed in an interesting and instructive manner, but the practical question presented for determination relates to the authority to impose a tax upon the succession to this trust fund, as that fund is at present situated. The provision of the amendment of 1897 covers, directly and in terms, the present case. The fund, or the right of succession to the fund, has never, as matter of fact, been taxed; and we think the power to impose a tax was not exhausted by the proceedings in the surrogate's court for the imposition of a tax directly connected with the general estate of William H. Vanderbilt. The real ground upon which the contention of the appellant is made here is that the execution by Cornelius Vanderbilt of the power of appointment related back to the will of his father, which gave him that power, and that therefore everything connected with and every interest affected by the exercise of that power is to be regarded as coming under the administration of William H. Vanderbilt's estate, and must be controlled by the law in operation at the time of the probate of William H. Vanderbilt's will, or, to state the point as made by the learned counsel for the appellant, that every right of inheritance with respect to the fund passed and became complete before the passage of the amendment of 1897, and no right of inheritance came into existence by the exercise of the power in the will of Cornelius Vanderbilt, and there is nothing in respect to this fund for the amendment of 1897 to operate upon.

The rule respecting the relation back of the appointment to the original will giving the power to appoint has been applied in cases under the collateral inheritance tax law and under the transfer tax act. In re Harbeck, 161 N. Y. 211, 55 N. E. 850. In that case it appeared that a testator, whose will went into effect in 1878, long before the enactment of the transfer tax law, gave a power of appointment over a certain fund to his widow, which power was exercised by her in 1896. It was held that the source of the title of the appointees to the fund was the original will of Harbeck, and that the names of the appointees, although designated by a later instrument, must be read into the original will, from which it followed that, there being no law in existence, at the time the original will was proven, imposing a tax on the succession to the fund, that right was exempt from taxation. In that case the court states three propositions as being settled: First, that the tax sought to be im-

posed is not a tax upon property, but upon the right of succession; second, that the transfer tax act, as it then stood, had no retroactive · effect; and, third, that the beneficiaries whose succession is sought to be taxed took by virtue of the will of Harbeck. But in the same case it is stated that the question of the retroactive effect of the transfer tax law in a case like this has ceased to be of any special public importance, in consequence of the enactment of the amendment of 1897 of section 220 of the transfer tax law. While this may not be construed as a judicial declaration that the legislation embodied in the amendment is to be given full retroactive effect, it is a strong intimation in that direction. Scrutinizing the text of the amendment of 1897, it appears that the direct object of that legislation was to make the time at which the appointee would become entitled in possession the time at which the tax upon the right of succession should be imposed. Furthermore, the act constituting the transfer is declared to be the exercise of the power of appointment. It is argued by the learned counsel for the appellant that this legislation is ineffective, because it impairs contract obligations, interferes with vested rights of the children of Cornelius Vanderbilt, and deprives them, to the extent of the tax, of property without due process of law. As affecting contract obligations, the argument of the learned counsel proceeds upon the theory that when the will of William H. Vanderbilt was proved, and a tax was paid under the law as it then existed upon rights of inheritance under that will, no power remained in the state to impose any further tax upon anything which passed under Mr. William H. Vanderbilt's will, or upon any right of succession acquired by any one under that will. The argument seems to be that, when the collateral inheritance tax law of 1885 was passed, it constituted a contract between the state of New York and William H. Vanderbilt that his estate, provided he should die while that law was in full operation and unchanged, might be disposed of by him without the imposition of any further or other tax upon any rights or interests acquired under that will. We cannot assent to that proposition. As was remarked by Judge Earle in the case of People v. Commissioners of Taxes, 67 N. Y. 519:

"It is never to be assumed that the state has by any act fettered its power of taxation in the future unless it appears with irresistible clearness that the enactment was intended to be in the nature of a private contract, as distinguished from a mere act of general legislation. People v. Roper, 35 N. Y. 629; People v. Commissioners of Taxes, 47 N. Y. 501; Rector of Christ Church v. Philadelphia Co., 24 How. 300, 16 L. Ed. 602."

We do not find in the original act of 1885 anything which authorizes the legal conclusion that the provisions of that act are in their nature different from the ordinary features distinctively belonging to or connected with the power of the state over taxation. It cannot be inferred that the legislature was impotent to amend or modify the law. It was held in Carpenter v. Pennsylvania, 17 How. 456, 15 L. Ed. 127, that, where an estate was actually in the process of settlement, it was competent for the state to impose a tax upon property not taxable at the time of the probate of the will. The re-

marks of Mr. Justice Campbell in that case upon the subject are convincing. The exact situation of the fund in this case as affected by the question is the following: For purposes of general construction, and the derivation of title to the fund as it now stands, the gift of the remainder comes under the will of William H. Vanderbilt. When he died, the law as it then existed made no provision for the taxation of the ultimate right of succession to the fund. The legal title to it upon the probate of his will was in his executors until they accounted in the surrogate's court, constituted the fund out of the assets of the estate, and transferred it from themselves as executors to themselves as trustees, which we assume in this case was done. Then they held the fund still under the will, but undistributed and finally undistributable until the power of appointment was exercised by Cornelius Vanderbilt. Meantime, and while they held it so undistributed in fact, the state, in the exercise of its general power of taxation, found it expedient to tax the right to the succession, which right had not theretofore been taxed; making the transfer consist in that act by which each of the appointees became entitled to claim and to receive the particular or specific distributive share allotted to him. Of the general power of the state to fix the time at which the right of succession shall be taxed, and to define what shall be a transfer, within the meaning of that act, we have no doubt, so long as that definition does not involve a violation of either contract or vested rights; and, as we have said, no contract relation was established by the act of 1885. Although the execution of a power may for certain purposes relate back to the instrument conferring the power, there was no complete vesting of an estate in the children of Cornelius Vanderbilt, under the power, until that power was exercised. That seems to have been directly held in Re Stewart, 131 N. Y. 274, 30 N. E. 184, 14 L. R. A. 836. The only distinction in the facts between that case and this is that in the Stewart Case the power was unlimited, and here it is confined to a class; but, in both, the particular persons, and the specific amounts they are to receive, could not be ascertained for the purposes of taxation until after the exercise of the power. Until that power was exercised, there was no method of determining the amount each of the appointees should receive or of a tax. The rule applies equally to those cases where the power of appointment is unlimited, in which cases the appointees may be liable for an unequal amount of tax, because of their unequal degrees of consanguinity. In such cases the amount of the tax can only be determined after the execution of the power. It seems to be certain that the transfer of this property should be the subject of a tax, as well as every other transfer; and the law cannot be applied with more certainty than by making the tax relate to the date of the determination of the estate, both as to the person who is to enjoy and the amount to be enjoyed. If the right of succession to this fund was taxable, as we think it was, the legislature had the power to declare that the tax should be imposed as of the time at which the right to possession of the amount appointed of the fund to each remainder-man became fixed and determined by the exercise of the power of appointment.

While the appointees take by relation back so as to derive their title under William H. Vanderbilt's will, they must take their specific shares in designated amounts from the time of the execution of the power. And we think that the authority of the state to impose a tax on the right of succession continued until the time at which the extent of that right was finally fixed by the exercise of the power of appointment. If the views above expressed are correct, then it is quite apparent that property has not been taken without due process of law, but only in the ordinary exercise of the right of the state to impose burdens upon the citizen by way of taxation.

The order appealed from should be affirmed, with costs. All concur.