In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of LAURA ASTOR DELANO, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; ARTHUR ASTOR CAREY, Respondent.

1. TAX — SECTION 220 OF TAX LAW, IMPOSING TRANSFER TAX UPON THE EXERCISE OF A POWER OF APPOINTMENT, CONSTITUTIONAL. Subdivision 5 of section 220 of the Tax Law (L. 1896, ch. 908, amd. L. 1897, ch. 284), imposing a tax upon the transfer of any property, real or personal, not only by will or intestate law, but also "whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will, * * *" is an exercise of legislative power not prohibited by the State or Federal Constitution. A transfer tax is, therefore, properly imposed upon the exercise, by a last will and testament, of a power of appointment derived from a deed executed before the passage of any statute imposing a tax upon the right of succession to the property of a decedent.

2. CONSTRUCTION OF STATUTE. The statute applies to all powers of appointment alike, without distinction on account of the method of creation or date of creation. No tax is laid upon the powers, or on the property or on the original disposition by deed, but simply upon the exercise of the power by will as an effective transfer for the purposes of the act; and since the legislature has full and complete control of the making, the form and the substance of wills, it can impose a charge or tax for doing anything by will. The fact that there was no statute imposing a succession tax when the power was created is immaterial. That transfer is not taxed; it is the practical transfer, through the exercise of the power by will that is taxed, and nothing else.

*Matter of Delano*, 82 App. Div. 147, reversed.

(Argued November 10, 1903; decided November 24, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 17, 1903, which reversed an order of the New York County Surrogate's Court denying a motion to dismiss a transfer tax

proceeding as to certain property appointed to the respondent herein and dismissed said proceeding.

The facts, so far as material, are stated in the opinion.

*George M. Judd* and *Edward H. Fallows* for appellant. The taxation of a transfer of property, passing under and by virtue of the exercise of a power of appointment, under the provisions contained in subdivision 5 of section 220 of the Tax Law (L. 1896, ch. 908), as added by chapter 284 of the Laws of 1897, has been sustained by this court. (*Matter of Vanderbilt*, 163 N. Y. 597; 50 App. Div. 246; *Matter of Dows*, 167 N. Y. 227.) A transfer tax imposed upon the transfer of property passing under the exercise of a power of appointment under the provisions contained in said subdivision 5 of section 220 of the Tax Law is not a tax upon property, but a tax upon the right of succession. (*Matter of Dows*, 167 N. Y. 227.) The Surrogate's Court of New York county has, for the purposes of the imposition of a transfer tax, jurisdiction over the transfer of the property that Laura Astor Delano by and in her last will and testament appointed to Arthur Astor Carey. (*Matter of Ullman*, 137 N. Y. 406; *Weston* v. *Goodrich*, 86 Hun, 194; *Matter of Wolfe*, 137 N. Y. 205; *Matter of Fitch*, 39 App. Div. 609; *Amherst College* v. *Ritch*, 151 N. Y. 282.) The property over which Laura Astor Delano by her last will and testament exercised the power of appointment granted her under the certain deeds of 1848 and 1849 is subject to the provisions contained in subdivision 5 of section 220 of the Tax Law. (*Matter of Seaver*, 63 App. Div. 283; *Matter of Walworth*, 66 App. Div. 171; *Matter of Potter*, 51 App. Div. 212; *Matter of Rogers*, 71 App. Div. 461.) The contention that the power of appointment granted to Laura Astor Delano having been created by instruments executed prior to the enactment of a Succession Tax Law, any property passing under the execution of said power of appointment is not taxable under the provisions contained in said subdivision 5 of section 220 of the Tax Law, cannot be sustained.

(*Matter of Vanderbilt*, 163 N. Y. 597; *Matter of Dows*, 167 N. Y. 227; *Matter of Potter*, 51 App. Div. 212; *Matter of Seaver*, 63 App. Div. 283; *Matter of Rogers*, 71 App. Div. 461.) The contention that for the purpose of the imposition of a transfer tax and within the meaning of said subdivision 5 of section 220 of the Tax Law, the property over which Laura Astor Delano by will exercised the power of appointment in favor of Arthur Astor Carey was transferred to Arthur Astor Carey not by and under the will of Laura Astor Delano, but by the certain deeds of 1848 and 1849, is not sound nor tenable. (*Matter of Seaver*, 63 App. Div. 283; *Matter of Dows*, 167 N. Y. 227.) The contention that the power of appointment exercised by Laura Astor Delano, having been created by the certain deeds of 1848 and 1849, any property passing under the exercise of said power of appointment by and under the will of Laura Astor Delano is not taxable under said subdivision 5 of section 220 of the Tax Law, cannot be sustained. (*Matter of Dows*, 167 N. Y. 227.) Any rights whatsoever which may have vested in Arthur Astor Carey by and under the certain deeds of 1848 and 1849 are inferior to the taxing rights of the state over the transfer of the property appointed by the will of Laura Astor Delano in favor of Arthur Astor Carey. (*Matter of Vanderbilt*, 50 App. Div. 246; *Matter of Dows*, 167 N. Y. 227; *Orr* v. *Gilman*, 183 U. S. 278.)

*Lucius H. Beers* for respondent. The legislature either did not intend to make the Transfer Tax Law retroactive, or, where that intention has been apparent, provisions to that effect are unconstitutional. (*Matter of Seaman*, 147 N. Y. 69; *Matter of Pell*, 171 N. Y. 48; *Matter of Vanderbilt*, 50 App. Div. 246.) The amendment of 1897 does not apply to powers created by instruments which went into effect prior to the passage of the act. (*Matter of Seaman*, 147 N. Y. 69.) The amendment of 1897 does not apply to cases where the power to appoint was created by a deed, unless the deed was one made in contemplation of the death of the grantor. (*People ex rel.* v. *McClave*, 99 N. Y. 83.) The Surrogate's

Court has no jurisdiction to assess a tax upon the property originally transferred by the deeds of 1848 and 1849. (*Matter of Smith*, 40 App. Div. 481; *Matter of Enston*, 113 N. Y. 174; *Matter of Vassar*, 127 N. Y. 1; *Matter of Stewart*, 131 N. Y. 274, 282; *Matter of Swift*, 137 N. Y. 77, 86; *Matter of Fayerweather*, 143 N. Y. 114; *Matter of Crerar*, 56 App. Div. 479; *Matter of Fitch*, 160 N. Y. 87; *Matter of Embury*, 19 App. Div. 214.) If the amendment of 1897 imposed a tax on the respondent's property, it impaired the obligation of a contract made before the Tax Law was adopted, and is, therefore, unconstitutional. (*Root* v. *Stuyvesant*, 18 Wend. 257; *Matter of Pell*, 171 N. Y. 48; *Matter of Vanderbilt*, 172 N. Y. 69; 3 Pars. on Cont. [7th ed.] 481; *Varick* v. *Briggs*, 22 Wend. 543; *Van Rensselaer* v. *Ball*, 19 N. Y. 100; *People ex rel.* v. *Common Council*, 140 N. Y. 300; *Fletcher* v. *Peck*, 6 Cranch, 87; *Murray* v. *Charleston*, 96 U. S. 432; *Forster* v. *Scott*, 136 N. Y. 577.) If the amendment of 1897 applies to this case, it is unconstitutional under section 24 of article 3 of the New York Constitution. (*Matter of McPherson*, 104 N. Y. 306.)

VANN, J. This appeal presents the question whether the legislature is prohibited by the Constitution, State or Federal, from passing an act to impose a transfer tax upon the exercise, by a last will and testament, of a power of appointment derived from a deed, executed before the passage of any statute imposing a tax upon the right of succession to the property of a decedent.

The facts out of which this question arose are as follows: On the 30th of September, 1848, William B. Astor owned a house and lot on Lafayette place, in the city of New York, and on that day he conveyed the same to his daughter, Mrs. Laura Delano, for life, and upon her death, without issue, to her brothers and her sister Alida, or their issue as they might then survive, *per stirpes.*

By the same deed he conferred upon Mrs. Delano a power of appointment, to be exercised, in her discretion, by an

instrument " in its nature testamentary," in such a manner as " to give the said land and premises, or any share or part thereof, to and amongst her said   *   *   *   brothers and sister Alida, or their issue, in such manner and proportions as she may appoint."

On the 6th of September, 1849, said William B. Astor transferred certificates of the public debt of the state of Ohio, amounting to $50,000, to James Gallatin and another, in trust to receive the income and apply it to the use of his daughter Laura during her life, and upon her death without issue to 'transfer " the capital of the said stock   *   *   *   to her surviving brothers and sister Alida " or their issue then surviving. . This gift was also subject to a power of appointment created by the trust deed, whereby the said Laura was authorized " by any instrument duly executed as a will of personal estate to dispose of said capital into and amongst her   *   *   *   brothers, sister and their issue in such shares and proportions as she may think fit and upon such limitations, by way of trust or otherwise, as in her discretion may be lawfully devised."

William B. Astor died on the 24th of November, 1875, about twenty-six years after the date of the last deed, and neither of said instruments was made by him in contemplation of death. Mrs. Delano, his daughter, died June 15th, 1902, without issue, leaving a last will and testament, which has been duly admitted to probate, whereby she exercised the power of appointment contained in said deeds in favor of Arthur Astor Carey, her nephew.

A proceeding was commenced before the proper surrogate to make the usual appraisal for the purpose of assessing a transfer tax upon the property transferred and appointed by the last will and testament of Mrs. Delano, and Mr. Carey was notified to appear. He appeared only for the purpose of objecting to the jurisdiction of the surrogate, from whom he procured an order requiring the executors of Mrs. Delano and the comptroller of the state to show cause why the proceeding should not be dismissed as to him for the want of jurisdiction. The surrogate denied the motion, but upon appeal to the

Appellate Division his order was reversed and the proceeding was dismissed as to Mr. Carey.   The comptroller appealed to this court.

Article 10 of the Tax Law relates to taxable transfers, and embraces sections 220 to 242 inclusive.   Section 220, as amended in 1897, imposes a tax upon the transfer of any property, real or personal, not only by will or intestate law, but also "whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will;   *   *   *."   (L. 1897, ch. 284, § 220, subd. 5.)

The learned Appellate Division held that the statute, as amended, applied to the property in question, but that the appointee took under the deeds and not under the will, and the attempt of the act to impose a tax upon the property under the guise of a tax upon succession, was retroactive and unconstitutional.

The statute, as we read it, does not attempt to impose a tax upon property, but upon the exercise of a power of appointment.   The power in this case was exercised by will, in such a way that the appointee became entitled to all the property, instead of an aliquot part.   While the property came to him by deed from his grandfather, only a part of it could have reached him but for the will of his aunt.   His title to the most of it depended on the will, as well as upon the deed. He is compelled to resort to the will in order to establish his right, for the deed alone will not suffice.   The privilege of making a will is not a natural or inherent right, but one which the state can grant or withhold in its discretion.   If granted, it may be upon such conditions and with such limitations as the legislature sees fit to create.   The payment of a sum in gross, or of an amount measured by the value of the property

affected, may be exacted, or the right may be limited to one
or more kinds of property and withdrawn as to all others.
The legislature could provide that no power of appointment
should be exercised by will, or that it should be exercised
only upon the payment of a gross or ratable sum for the priv-
ilege.    It could exact this condition, independent of the date
or origin of the power.    All this necessarily flows from the
absolute control by the legislature of the right to make a will.
(*Matter of Sherman*, 153 N. Y. 1, 4; *Matter of Dows*, 167
N. Y. 227, 231; *Magoun* v. *Illinois Trust & Sav. Bank*,
170 U. S. 283; *United States* v. *Perkins*, 163 U. S. 625, 628;
*Mager* v. *Grima*, 8 How. [U. S.] 490, 493.)

We do not regard the question presented as open in this
court, for we have recently passed upon it in two cases, each
of which arose under the statute as amended in 1897.    In
the earlier case a testator, who died in 1885, created a trust
fund and gave the income thereof to his son during life,
but directed that upon his death the principal should be paid
to his issue in such shares or proportions as he should by will
appoint, with a gift directly to such issue if the power of
appointment was not exercised.    The son died in 1899, leaving
a will by which he exercised the power.    We held, adopting
the opinion of the court below, that, although the ultimate
right of succession to the fund was not taxable under the
statute in force when the father died, still the shares of the
appointees under the son's will were subject to a transfer tax
under the act of 1897.    (*Matter of Vanderbilt*, 50 App. Div.
246; 163 N. Y. 597.)

In the second case the testator died in 1880, after devising
certain real property in trust to pay the income to his son
during life and upon his death said realty was to vest abso-
lutely and at once in such of his children and the issue of his
deceased children as he should by will appoint.    If, however,
the son should die intestate, the realty was to vest absolutely
and at once in his children then living and the issue of his
deceased children.    The son exercised the power by his last
will and died in 1899.    We held that the property was sub-

ject to the tax imposed by the act of 1897; that such tax was on the right of succession and not on the property; that whatever may be the technical source of title of a grantee under a power of appointment, in reality and substance it is the execution of the power that gives to the grantee the property passing under it and that when the father devised the property to the appointees under the will of his son he necessarily subjected it to the charge that the state might impose on the privilege accorded to the son of making a will. (*Matter of Dows*, 167 N. Y. 227; affirmed, *sub nom. Orr* v. *Gilman*, 183 U. S. 278.)

The Supreme Court of the United States reviewed our decision, and after due consideration of the statute in question, was unable to see that as construed by us it infringed any provision of the Federal Constitution.

The learned judges below did not consider the *Dows* case in their opinion, but they attempted to distinguish the *Vanderbilt* case from the one in hand upon the ground that the power of appointment was created by will and that the will was made after the enactment of the Collateral Inheritance Tax Law. The latter distinction did not exist in the *Dows* case, where the power was created before any act was passed in this state providing for the imposition of a succession or transfer tax.

We think neither distinction is well founded. As the tax is imposed upon the exercise of the power, it is unimportant how the power was created. The existence of the power is the important fact, for what may be done under it is not affected by its origin. If created by deed its efficiency is the same as if it had been created in the same form by will. No more and no less could be done by virtue of it in the one case than in the other. Its effective agency to produce the result intended is neither strengthened nor weakened by the nature of the instrument used by the donor of the power to create it. The power, however or whenever created, authorized the donee by her will to divest certain defeasible estates and to vest them absolutely in one person. If this authority had

been conferred by will, instead of by deed, the right to act would have been precisely the same and the power would have neither gained nor lost in force. The statute applies to all powers alike, without distinction on account of the method of creation or the date of creation, and provides that the exercise of the power shall be deemed a taxable transfer of the property affected, the same as if it had belonged absolutely to the donee of the power and had been bequeathed or devised by such donee. As we said through Judge CULLEN in the *Dows* case: " Whatever be the technical source of title of a grantee under a power of appointment, it cannot be denied that in reality and substance it is the execution of the power that gives to the grantee the property passing under it." This accords with the statutory definition of a power as applied to real estate, for it includes authority to create or revoke an estate therein. (Real Property Law, § 111.) Such was the effect of the exercise of the power under consideration, for it both revoked and created estates in the real property and interests in the personal property. No tax is laid on the power, or on the property, or on the original disposition by deed, but simply upon the exercise of the power by will, as an effective transfer for the purposes of the act. If the power had been exercised by deed, a different question would have arisen, but it was exercised by will and owing to the full and complete control by the legislature of the making, the form and the substance of wills, it can impose a charge or tax for doing anything by will.

It is quite immaterial that there was no statute imposing a succession tax of any kind in force when the original disposition of the property was made and the power was created. That transfer is not taxed and the statute makes no effort to reach it. It is the practical transfer through the exercise of the power by will that is taxed and nothing else. The right of the legislature to impose a tax on the privilege of exercising a power by will is not affected by the fact that no such tax was imposed when the power was created. When the creator of the power granted the property to the appointees

of his daughter, as Judge CULLEN said in the *Dows* case, " he necessarily subjected it to the charge that the state might impose on the privilege accorded to the " daughter " of making a will. . That charge is the same in character as if it had been laid on the inheritance of the estate by the " daughter herself, " that is, for the privilege of succeeding to property under a will." If the power had not been exercised, the question would have resembled that presented by the *Pell* case, relied upon below, where we held that a statute was unconstitutional which imposed a tax upon such remainders, already vested and non-defeasible, as should result in an absolute title after the passage of the act. (*Matter of Pell*, 171 N. Y. 48.) In that case the transfer was completed without the aid of a will and the effect was the same as a deed *inter vivos*. There was no foundation for a succession tax, which is a charge upon the right to make a will, or on the right to inherit without a will.

We think that the surrogate had jurisdiction and that his order denying the motion to dismiss the proceedings as to the respondent was proper. It follows that the order of the Appellate Division should be reversed and that of the surrogate affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT and CULLEN, JJ., concur ; O'BRIEN and WERNER, JJ., dissent.

Order reversed, etc.