Summers, J.
The act to be construed was passed and approved April 25, 1904. It is entitled “An act to impose a tax upon the right to succeed to, or inherit, property” (97 O. L., 398). The act provides that the right to succeed to or inherit property which shall pass by will or by the inheritance laws of this state, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor, to the use of certain persons, or to any one in trust for such persons, shall be taxed as follows, to-wit: “Upon the value of the property exceeding three thousand dollars, succeeded to or inherited by any person, two per centum on such excess ; such tax to be borne by the person so succeeding to or inheriting the same in the manner herein provided. ’ ’
It is contended for the State that the interest passing by the will did not vest until after this act took effect, that until after the death of the widow neither the persons who would take nor the value of the interests could be ascertained, that the succession is not complete until the property is distributed, and that *453 the succession is subject to the tax in force at the time of distribution.
The contention on the part of the executors is, that the interests vested at the death of the testator prior to the time that the act took effect, that the act. is not retroactive and therefore does not apply to rights that vested prior to the time it took effect.
Man’s dominion over his property ceases at his death, wherefore in all civilized countries the state provides how he may devolve it to others at his death and what shall become of it when he dies intestate.
The right so given either to devolve or to succeed to property is subject to the power of the state to tax, and generally is taxed. To use a homely simile it may be likened to the taking of toll from the grist that is sent to the mill, and aside from considerations of convenience it is immaterial whether the whole toll be taken as soon as the grist is received or proportionately as the flour is delivered. Generally, but not necessarily, the amount of the tax is measured by the value of the property. Our state, however, deeming it to the interest of the public not to make the tax oppressive has imposed jt upon the right of succession, and has exempted to three thousand dollars the value of the property in determining the amount of the tax.
But while the tax has been likened to the toll that is taken for the grinding of a grist, it must not be overlooked that it is the right to devolve or to succeed to property that is taxed, and that an additional exaction might be made as is done in some states for the service in passing the property, sometimes, as in England, called probate duties. So that the right of the state to and the liability of the successor for *454 the tax generally arises upon the death of the owner of the property and is not dependent upon the right of succession ripening into possession or enjoyment, and the fact, if it be a fact, that the state may have, by measuring the amount of the tax by the value of the property succeeded to, made it impracticable or difficult to collect the tax until the right has ripened into possession, does not change the subject of the tax, but merely postpones its collection.
Counsel are agreed that the law should be given a prospective and not a retroactive effect, and if we accept as correct their test that the liability of these interests to the tax depends upon whether they are vested or contingent at the date the act took effect, we probably should conclude that they are vested though some of them were defeasible. For it is the rule no longer that where there is no gift but by a direction to pay, or divide and pay, at a future time, or on a given event, the vesting will be postponed until after that time has arrived, or that event has happened, but the test is the reason for the postponement, and if that was that the property had- been given to another for life the bequest vested. But the occasion of the tax being the devolution of property it ought to attach to such interests only as arise by reason of a death subsequent to the act, and such clearly appears to have been the legislative intent, for not only is the act not expressly made retroactive but its words are all prospective. The right to inherit shall be taxed. The tax shall become due and payable immediately upon the death of the decedent, and shall at once become a lien upon said property, and if not paid within one year after the death of the decedent interest at six -per pent is to be collected, qnd if paid prior to the expiration of one year a dis *455 count of one per cent per month, shall be allowed, and all administrators, executors and trustees shall be liable for all such taxes. Other provisions that would be difficult of application if the act is-retroactive are contained in it, so that it would be unreasonable to conclude that the legislature, in the absence of any suitable provisions for a retroactive operation of the act, intended it so to operate. The conclusion reached finds more or less support in the following cases: Matter of Seaman, 147 N. Y., 69; Matter of Pell, 171 N. Y., 48; Matter of Vanderbilt, 172 N. Y., 69; Matter of Delano, 176 N. Y., 486.
The judgments below are reversed and judgment is entered for the plaintiffs in error in accordance with this opinion.

Reversed.

Davis, C. J., Si-iauck, Price, Crew and Spear, JJ., concur.