P. J., Ingraham, McLaughlin, Clarke and Lambert, JJ.; Ingraham and Clarke, JJ., dissented.

INGRAHAM, J. (dissenting): The respondent has been awarded $2,000 to compensate her for a private easement that she had in a piece of property which had been used as a road or highway and which she claims has been destroyed because the city of New York had discontinued the use of that road as a public highway, but the city of New York has not in any way interfered with respondent's private easement in this road. It has discontinued the use of the road as a public road. The respondent sustained no damage because of such discontinuance and no damage has been awarded to her by reason of the discontinuance of the public road. She acquired this easement over the strip of land that was used as a road as appurtenant to the property which she acquired. No act of the city or of the public authorities either granted her that easement nor has the easement which is vested in her appurtenant to her estate been destroyed. Money raised by taxation is thus paid to the respondent to relinquish a private easement appurtenant to her land in the land of another, so that the owner of the servient estate can own his land discharged of the easement. When this case was before this court on the former appeal (95 App. Div. 533) I dissented from the order then made and I dissent from the affirmance of the order here granted for the reasons stated upon that appeal. If chapter 1006 of the Laws of 1895 affected this respondent's private easement acquired by virtue of her deed conveying the property to her, I think it was clearly unconstitutional; but certainly the provision which required the city of New York to raise by taxation and to pay to this respondent any sum of money as the value of the private easement not acquired by the city and not affecting any property of the city is an express violation of section 10 of article 8 of the Constitution, which provides that "No county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation * * * nor shall any such county, city, town or village be allowed to incur any indebtedness, except for county, city, town or village purposes." Money of the city of New York raised by taxation is devoted in this case to pay to this respondent the value of a private easement appurtenant to her property and of which property not owned by the city and in which the city has no interest is servient. I do not think that such a payment is authorized by chapter 1006 of the Laws of 1895, but if it is, it is clearly a violation of the Constitution. I, therefore, dissent. Clarke, J., concurred.

In the Matter of the Transfer Tax upon the Estate of SARAH J. G. SPENCER, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; CHARLES G. SPENCER and Others, Respondents.

Appeal from an order of the Surrogate's Court of the county of New York reversing a prior order assessing a tax and remitting report of appraiser for further consideration.

Order affirmed, with costs and disbursements, on the opinion of the surrogate. Present — Patterson, P. J., Ingraham, McLaughlin, Clarke and Lambert, JJ.

The following is the opinion of the surrogate:

THOMAS, Surrogate: The vital distinction made by the Court of Appeals in *Matter of Cooksey* (182 N. Y. 92) and *Matter of Lansing* (Id. 238), argued on the same day before that court, is based upon the difference existing in the two wills of the several donors of the powers. In the will in *Matter of Cooksey*, the remainder of the trust estate created for the benefit of the donee of the power was directed to pass to or vest in the children of the donee of the power upon her death as she by her "last will and testament shall designate and appoint and in such manner and upon such terms as he or she may legally impose." The only alternative provision was that "in case such person dies intestate" the said trust fund should "vest absolutely and at once" in the surviving children, share and share alike, of the donee of the power. Under this will it was necessary, in order that the children of the donee of the power should take, either that there should be an exercise of the power, or that the donee of the power should die intestate. Her children had no title except under the execution of the power, and the transfers to them were, therefore, held taxable. In the *Lansing* case there was a direct devise and bequest contained in the will of the donor of the power, by which the *corpus* of the trust fund was given "to her heirs at law, subject, however, to the power of such child to devise hereinafter contained." Under this will Vann, J., remarked: "The execution of the power left the title where it was before, and the result is the same as if there had been no power to exercise." In other words, the final beneficiaries of the *corpus* of the trust prop erty having been selected by the donor of the power, and an explicit bequest and devise of that property having been made by the donor of the power to such final beneficiary, subject only to a power in the donee to modify or change such bequest and devise, the title of the remainder passed to the beneficiaries under the will of the donor of the power, notwithstanding an attempt to exercise the power by the donee in such a way that no change whatever was effected in such original bequest and devise. The distinction between these two cases was pointed out by Vann, J., in 182 New York, page 246. In the case before me the will of the donor of the power is substantially the same as the will in *Matter of Lansing*, and the will of the donee of the power neither adds to nor takes from any of the final beneficiaries the benefits which the will of the donee of the power expressly conferred upon them The order appealed from must, therefore, be reversed.

---

Electric Fireproofing Company, Respondent, v. R. Wilson Smith and Garnett Henry Meldrum, Appellants.— Judgment and order affirmed, with costs. No opinion.

Walter W. Wood, Appellant, v. Joseph Laemmle, Respondent.— Judgment affirmed, with costs. No opinion.