### In re SMITH.

(Supreme Court, Appellate Division, Second Department. May 9, 1912.)

TAXATION (§ 861*) — TRANSFER TAX — CONTINGENT REMAINDER CREATED BY WILL EFFECTIVE BEFORE STATUTE.

Though the remainder created by will giving property in trust for testator's wife for life, with direction to the trustees, on her death, to distribute it equally among his nephews and nieces then living, be contingent, yet the remaindermen's rights of succession having accrued under the will, and when it became effective, by death of testator, which was prior to the first transfer tax act, and in such a way as not to be dependent on any subsequent exercise of testamentary powers, their right of succession was not subject to the transfer tax because of the acts on the subject passed prior to death of the life tenant.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861.*]

Appeal from Surrogate's Court, Westchester County.

In the matter of the appraisal of the property of Jonathan Smith, deceased, under the Taxable Transfer Acts (Laws 1896, c. 908, §§ 220–242; Laws 1897, c. 284). From an order declaring the transfer of the residuary estate of decedent exempt from tax, the State Comptroller appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Winfield L. Morse, of New York City, for appellant.
Theodore Fitch, of Yonkers, for respondent.

HIRSCHBERG, J. Jonathan Smith died a resident of the county of Westchester in the year 1851, long before the passage of the first Inheritance or Transfer Tax Act in this state, leaving a last will and testament disposing of his residuary estate in the following manner:

"6. All the rest and remainder of my estate real and personal which I may now have or be entitled to, or may have or be entitled to at the time of my decease, I give devise and bequeath unto my Executors in trust, to be by them held and kept invested together with all other moneys received by them under this will, on Bond and Mortgage on real estate in the city of New York of at least double the value of the amount loaned by them, and to pay over 'the interest and proceeds thereof to my wife Delia on her separate receipt, as long as she shall live, and upon her death to distribute and divide the principal and any accumulations equally, share and share alike among such of my nephews and nieces the children of my brothers Alexander, Nathaniel and Ralph and of my sister Sarah, as may be living at the time of the death of my said wife, and if either of my brothers or my sister shall have no child or children living at the time of my wife's decease, then I desire and direct that such brother or sister then living shall take the share of one nephew or niece, share and share alike with my nephews and nieces as aforesaid.".

The testator's widow died February 25, 1910. All the testator's brothers and his sister, referred to above, and all his nephews and nieces, died before the widow, except four, who were the children of the testator's brother, Ralph H. Smith, and who are the only persons now entitled to share in the distribution of said residuary estate. Those nephews and nieces were living at the time of the widow's

death, but the record before us does not disclose whether they were living at the time of the death of the testator. This proceeding was instituted in the Surrogate's Court of Westchester county by the administrator with the will annexed for an order declaring the transfer of said residuary estate to those nephews and nieces exempt from transfer tax. The Surrogate's Court granted such an order, and the State Comptroller has appealed from that order.

The act taxing the transfer of a decedent's estate does not levy a tax upon the property transmitted but upon the right of succession thereto, and the tax is based upon the exclusive jurisdiction of the state to regulate and control the devolution thereof by inheritance or will. Matter of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709; Matter of Sherman, 153 N. Y. 1, 46 N. E. 1032; Matter of Vanderbilt, 50 App. Div. 246, 63 N. Y. Supp. 1079, affirmed on opinion below 163 N. Y. 597, 57 N. E. 1127; Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508; sub nom. Orr v. Gilman, 183 U. S. 278, 22 Sup. Ct. 213, 46 L. Ed. 196; Matter of Delano, 176 N. Y. 486, 68 N. E. 871, 64 L. R. A. 279; sub nom. Chanler v. Kelsey, 205 U. S. 466, 27 Sup. Ct. 550, 51 L. Ed. 882. This jurisdiction of the state, to regulate and control the transmission of property from the dead to the living, is an attribute of its sovereignty (U. S. v. Perkins, 163 U. S. 625, 16 Sup. Ct. 1073, 41 L. Ed. 287) very far reaching, if not unlimited, in its possible extent over the privilege taxed (Chanler v. Kelsey, supra, 205 U. S. 479, 27 Sup. Ct. 550, 51 L. Ed. 882). Thus, although United States bonds are exempt from taxation by the state, it may assess a tax upon the privilege of their acquisition by inheritance (Wallace v. Myers [C. C.] 38 Fed. 184, 4 L. R. A. 171). So, too, the privilege of the United States to acquire property by bequest may be taxed by the states. U. S. v. Perkins, supra. It has been held, however, that a tax cannot be imposed upon a right to the succession, where the right accrued prior to the existence of the statute. Matter of Seaman, 147 N. Y. 69, 41 N. E. 401; Matter of Harbeck, 161 N. Y. 211, 219, 55 N. E. 850; Matter of Pell, 171 N. Y. 48, 63 N. E. 789, 57 L. R. A. 540, 89 Am. St. Rep. 791; Matter of Lansing, 182 N. Y. 238, 74 N. E. 882; Matter of Craig, 97 App. Div. 289. 89 N. Y. Supp. 971, affirmed on opinion below 181 N. Y. 551, 74 N E. 1116; Matter of Backhouse, 110 App. Div. 737, 96 N. Y. Supp. 466, affirmed 185 N. Y. 544, 77 N. E. 1181; Matter of Spencer, 119 App. Div. 883, 107 N. Y. Supp. 543, appeal dismissed 190 N. Y. 517, 83 N. E. 1132; Matter of Ripley, 122 App. Div. 419, 106 N. Y. Supp. 844, affirmed 192 N. Y. 536, 84 N. E. 1120; Matter of Haggerty, 128 App. Div. 479, 112 N. Y. Supp. 1017, affirmed 194 N. Y. 550, 87 N. E. 1120; Matter of Lewis, 129 App. Div. 905, 113 N. Y. Supp. 1136, affirmed 194 N. Y. 550, 88 N. E. 1124; Matter of Chapman, 133 App. Div. 337, 117 N. Y. Supp. 679, appeal dismissed 196 N. Y. 561, 90 N. E. 1157; s. c., 138 App. Div. 923, 123 N. Y. Supp. 1110, affirmed 199 N. Y. 562, 93 N. E. 1118.

It is true that most, if not all, of the authorities cited, seem to present instances where the interest passing was vested rather than

contingent. In Matter of Seaman, supra, it was held that the right to the succession to a vested remainder created by will prior to the first Transfer Tax Act passed under the will creating such remainder, and not at the time the remainder vested in possession and enjoyment, although such remainder might never vest in possession and enjoyment and was subject to open and let in after-born children during the term of the life estate. After that decision, the Legislature by statute sought to tax remainders and reversions that had vested prior to the passage of the first Transfer Tax Act, upon their coming into the actual possession of the remaindermen or reversioners. Laws of 1896, c. 908, § 230. That act was held unconstitutional by the Court of Appeals in Matter of Pell, supra, on the grounds that it diminished the value of vested estates, impaired the obligations of contracts, and took private property for public purposes without compensation.

In Matter of Harbeck, supra, the exercise after the passage of the Transfer Tax Act of a power of appointment, created by a will effective before the act, was held exempt from tax, on the ground that the appointee's title had its source in the will creating the power. Thereafter the Legislature amended the Transfer Tax Act so that the exercise of such powers is taxable when made. Chapter 284, Laws of 1897. This act was held constitutional, on the ground that the Legislature could make the instrument exercising the power the source of the succession to the property. Matter of Vanderbilt, supra; Matter of Dows, supra; Matter of Delano, supra.

In the case at bar the nephews and nieces took a contingent, rather than a vested, interest in the remainder of the testator's residuary estate at his death in 1859. There is no direct gift to them. The will merely contains a direction for a division and distribution after the death of the life tenant among such of the nephews and nieces as may then be living. Futurity is annexed to the substance of the gift. See Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184, Matter of Crane, 164 N. Y. 71, 76, 58 N. E. 47, and Matter of Baer, 147 N. Y. 348, 353, 41 N. E. 702. It is true that the rule holding interests contingent under such circumstances is merely a canon of construction to aid in ascertaining the testator's intention, and yields readily if a contrary intention is discernible from the terms of the will. In the case at bar, however, there is nothing in the context or general language of the will rendering inapplicable the rule that, when the only gift is in a direction to executors and trustees to divide and distribute at a future time among persons then living, the vesting is deferred until such time.

I am, however, unable to see that the fact that the remainder interests are contingent rather than vested is important or controlling on the question of liability to the transfer tax. The beneficiaries' right to the succession to such interests, whether the interests be vested or contingent, accrued when testator's will became effective, prior to the first Transfer Tax Act, and those interests have subsequently vested in the possession and enjoyment of the remaindermen without the intervention of any subsequent testamentary act. At the instant

such right of succession accrued it became immune, as a property right, from subsequent legislative impairment. In Matter of Craig, supra, 97 App. Div. 291, 89 N. Y. Supp. 972, the writer said:

"It seems to me to be immaterial to consider whether the remainders created by the trust instrument to which the appellants have now become entitled are to be regarded as vested or contingent. * * * The point presented by the appeal is that the right as a property right to take the gifts when the time for possession and beneficial enjoyment should ultimately arrive had fully accrued at the date of the marriage and the birth of the children free from any existing tax upon the transfer regarded either as a transfer then made or contemplated in the future, and that subsequent legislation imposing such a tax must be deemed unconstitutional as in effect the taking of private property for public use without compensation or as impairing the obligation of a contract. Const. art. 1, § 6; U. S. Const. art. 1, § 10, subd. 1. In other words, the appellants contend that at least as early as May 9, 1885, they had acquired their rights by irrevocable deed; that such rights, whether vested or contingent, then constituted present property interests in future estates which were vested in the sense that they were secured to them by deed subject only to contingencies as to time and survivorship; that incident to the ownership of such property was the absolute right to its acquisition in possession and enjoyment at the stipulated time; and that such ultimate right of possession and enjoyment, being absolute and not merely privileged, could not afterwards be taxed by the state because of well-settled principles of constitutional law. I am inclined to the view that the contention is sound."

In Matter of Lansing, supra, 182 N. Y. 248, 74 N. E. 885, Judge Vann said:

"Even if her interest was contingent, nevertheless, as was said by Judge Cullen in a late case, 'the interests of the devisee accrued on the death of the testator and at that instant, and were immune from legislative attack whether contingent or vested.' Matter of Vanderbilt, 172 N. Y. 69, 73 [64 N. E. 782, 783], citing Brevoort v. Grace, 53 N. Y. 245."

In Matter of Chapman, supra, 133 App. Div. 340, 117 N. Y. Supp. 681, Mr. Justice Burr, writing for this court, said:

"It has been heretofore suggested that the estate which her sons took upon the death of their grandfather, John Davol, was a vested estate in remainder. Even if it were contingent, it was an interest acquired at the instant of their grandfather's death, and became a property right which could not be cut down by the subsequent imposition of a transfer tax."

Under the present act, contingent remainder interests are presently taxable at the time the instrument creating them becomes effective, although such interests may never vest in possession or enjoyment (see Matter of Vanderbilt, 172 N. Y. 69, 64 N. E. 782, and Matter of Brez, 172 N. Y. 609, 64 N. E. 958), and it would seem that such rule must be based upon the theory that the right of the ultimate takers to the succession to such contingent interests accrued at the time the instrument creating the interests became effective (Matter of Vanderbilt, 172 N. Y. 69, 74, 64 N. E. 782).

Matter of Vanderbilt, 50 App. Div. 246, 63 N. Y. Supp. 1079, affirmed 163 N. Y. 597, 57 N. E. 1127, on the opinion below, relied upon by the counsel for the State Comptroller, is not in point with the facts in the case at bar. There the testator, who died in 1885, gave his son the income of a trust estate for life, with power to dispose of the principal by will to the son's issue. In 1899 the son

died, leaving a will by which he exercised the power of appointment. It was held that the appointees' interests were subject to a transfer tax under chapter 284 of the Laws of 1897, in force at the time the son's will became effective, although their ultimate right of succession to, the estate was not taxable by the law in force at the time their grandfather's will became effective. The court held that the state could fix a time at which the right of succession was taxable and could define what constituted a transfer, when neither vested nor contract rights were violated. It should be noted that in the Vanderbilt Case, although the exercise of the power of appointment was limited to the members of a class, namely, the appointor's issue, no member of that class was given a right to compel the exercise of the power of appointment in his favor. Each member of the class depended for the amount of the estate received by him upon the terms of the appointor's will, exercising the power. Hence the Legislature could constitutionally fix the time of the succession and transfer as the time when the power was exercised. See Chanler v. Kelsey, supra, 205 U. S. 479, 27 Sup. Ct. 550, 51 L. Ed. 882. In the case at bar, on the other hand, the nephews and nieces' rights of succession accrued under the testator's will in such a manner as not to be dependent upon the subsequent exercise of any testamentary powers. Their possession and enjoyment of the property might be defeated by their deaths during the term of the life estate, and the amount received by them was subject to increase or diminution by the birth or death of children of the testator's designated brothers and sister during that period, but any property ultimately received by them must and did vest in their possession solely by virtue of the terms of the testator's will.

In Matter of Dows, supra, and Matter of Delano, supra, the succession was through the exercise of discretionary powers of appointment.

In Matter of Kidd, 188 N. Y. 274, 80 N. E. 924, it appeared that one Grace G. Dickinson claimed the entire estate of the decedent, George W. Kidd, by virtue of an antenuptial contract, made before the first Transfer Tax Act, whereby he had agreed to make a will leaving her all the property whereof he should die seized and possessed, and that he had died subsequently to the passage of the Transfer Tax Act, leaving a will violating that agreement. She enforced her contract in equity and obtained judgment against the beneficiaries and executors of the will, compelling them to deliver all of the decedent's property to her. The Court of Appeals held the transfer of that property taxable on the ground that the contract to make a will contemplated submission to the law that should be in force regarding transfers of property by will at the time of the performance of the contract, and that the beneficiaries and executors of the will actually made took title to the decedent's property under such will as trustees for the performance of the antenuptial contract. There the instrumentality chosen by the respondent for the future transfer of the estate was one that the Legislature had power to tax at any time

before its actual exercise. The facts in that case are manifestly quite different from those in the case now under consideration.

The order should be affirmed.

Order of Surrogate's Court of Westchester County affirmed with $10 costs and disbursements. All concur.