Matter of the Transfer Tax on the Estate of JANE MEEHAN, Deceased.

(Surrogate's Court, Bronx County, May, 1917.)

Transfer tax — fixing of — how determined — taxes — judgments — appeal — trusts.

On appeal from an order fixing the transfer tax upon the transfer of certain property of decedent, it appeared that the transfer was by trust deed executed by decedent in 1905 upon trust to apply the income to the creator during life and upon death to divide the property among the children named. The appraiser refused to deduct the amount of a certain judgment rendered against the creator and taxes and assessments which had accrued subsequently to the date of the trust instrument, in fixing the taxable value of the property. In affirming the order appealed from, it was .

*Held*, that the tax in question is not a tax upon property but upon the transfer of the property and that the valuation upon

which the tax was assessed is that at the time of the transfer; that this value is not affected by an increase or decrease in the market value of the property between the time of its transfer and the time it actually comes into the possession of the remaindermen.

APPEAL from an order assessing a transfer tax.

Wesselman & Kraus, for appellant.

John Boyle, Jr., for State Comptroller, respondent.

SCHULZ, S.   This is an appeal from an order fixing the tax upon the transfer of certain property of the decedent. From the documents before the appraiser, it appears that the decedent on or about the 13th of March, 1905, made, executed and delivered a deed of trust to one John T. Meehan whereby she conveyed to the said grantee certain parcels of real estate upon the trust to apply the income thereof to her, during her natural life, and upon her decease to divide the property among her children in certain specified shares.

Long after the execution of the deed, to wit, in or about the year 1914, a judgment was rendered against the decedent. Between the date of the execution and delivery of the deed of trust and the date of her death, which occurred on the 4th day of March, 1915, certain taxes and assessments became liens upon the premises mentioned and described in the deed and remained unpaid at the time of her death. There was also an amount due to the city of New York for water consumed upon the said premises, and, while it does not clearly appear whether this was a lien upon the premises at the time of the execution and delivery of the trust deed, I think I may fairly assume that it was not. The item at most is small; the difference in the tax assessed by its deduction from the taxable value

Surrogate's Court, Bronx County, May, 1917.     [Vol. 100.

would be trivial and the objection to it is not urged in the brief of the appellant. This also was unpaid when the decedent died.

The transfer tax appraiser refused to deduct the amount of the judgment, taxes, assessments and the water charge in question in fixing the value of the property for purposes of taxation, and in the notice of appeal it is claimed that his failure to do so was error. Counsel for the appellant in their brief admit that the transfer of the property in question took effect at or about the date of the deed, and that the rate of the tax should be determined under the statute as it then existed and this is unquestionably the law (See cases cited in *Matter of Valentine,* 91 Misc. Rep. 203; *Matter of Keeney,* 194 N. Y. 281; *Matter of Smith,* 150 App. Div. 805; *Matter of Webber,* 151 id. 539); but she contends that the charges above referred to should be deducted from the valuation of the said premises for the purposes of this tax, because they were liens which attached to the property without the consent of the remaindermen and reduced the value of the property when the remaindermen actually came into possession thereof to that extent.

The tax in question is not a tax upon property, but a tax upon the transfer of property (*Matter of Sloane,* 154 N. Y. 109; *Matter of White,* 208 id. 64; *Matter of Ramsdill,* 190 id. 492; *Matter of Gihon,* 169 id. 443; *Matter of Dows,* 167 id. 227; *Matter of Swift,* 137 id. 77), and the valuation upon which the tax is assessed is that at the time of the transfer. *Matter of Davis,* 149 N. Y. 539; *Matter of Sloane, supra.* It is not affected by an increase (*Matter of Vassar,* 127 N. Y. 1) or a decrease in the market value between that time and the time it actually comes into the possession of the remaindermen. *Matter of Penfold,* 216 N. Y. 163.

The judgment above referred to was obtained long after the transfer and thus was in no sense a lien upon or in any way affected the property transferred. As it did not in any way diminish the value of the property, the appraiser was correct in declining to allow its deduction.

The taxes and assessments referred to as being liens upon the property at the time of the death of the decedent became such liens after the year 1909, and the lien for the small water charge also appears to have attached after the execution and delivery of the deed.

The tax being one upon the transfer of this property and the value upon which it is to be assessed being the value at the time of the transfer and none of the charges above stated having been liens upon the property at the time of the transfer, it follows that no deduction therefor should be made. *Matter of Maresi,* 74 App. Div. 76. The appraiser was therefore correct in declining to allow such a deduction and the order made upon his report must be affirmed.

Order affirmed.