In the Matter of the Estate of MARY G. MORRISON, Deceased.

Surrogate's Court, New York County, December, 1923.

**Transfer tax — probate of will before Tax Law authorized tax upon transfer of stock belonging to non-resident decedent — power of appointment — appointee of fund elected to take as remainderman under donor's will and not under the will of the donee of the power — transfer tax may not be levied.**

Under the will of decedent's brother, who died a resident of the state of Massachusetts on October 1, 1917, the net income of certain stock in a New York public service corporation was to be paid to her for life and at her death the trustees were directed to transfer the principal of the trust fund as she by her last will should direct and appoint, and in default of such appointment " to pay, transfer and convey the same to her heirs at law." The will defined " heirs " as those persons who would inherit under the laws of Massachusetts in force at the time of her decease. The decedent died October 17, 1922, a resident of Massachusetts, and her sole heir at law, the appointee of the entire fund, elected to take the same as a remainderman under the will of the donor, and in disregard of the power of appointment. *Held,* that as the Tax Law in force at the death of the donor of the power of appointment did not authorize a tax upon the transfer of said corporate stock an order made in a transfer tax proceeding will be modified by striking therefrom a tax upon such transfer.

TRANSFER TAX proceeding.

*McCombs & Ryan,* for executors.

*Charles A. Curtin,* for State Tax Commission.

FOLEY, S. The executors appeal from the order fixing the transfer tax on the ground that the transfer of $253,307.62, the value of

MATTER OF MARY G. MORRISON. **163**

Misc. 162]     Surrogate's Court, New York County, December, 1923.

2,049 shares of the American Telephone and Telegraph Company, has been improperly taxed.

Mary G. Morrison, the decedent here, by the will of her brother, Moses G. Parker, was given a power of appointment of these shares.   The net income of the stock was to be paid to her for life, and at her death the trustees were directed to convey the principal of the trust fund " as she shall by her last will and testament direct and appoint and in default of such appointment to pay, transfer and convey the same to her heirs at law."   The will defines the word " heirs " as those persons who would inherit under the laws of Massachusetts in force at the time of her decease.   She died on October 17, 1922, a resident of the state of Massachusetts.   Moses G. Parker was likewise a resident of that state at the time of his death.

The ground of appeal is that Theodore E. Parker, the appointee of the entire fund, and the sole heir of Mary G. Morrison, has elected to take as a remainderman under the will of the donor and in disregard of the power.   The appellants claim that by such election the transfer vested through the estate of the donor and cannot be subjected to tax by New York state.   The appeal is sustained.   It is clear that at the time of the death of the donor on October 1, 1917, the Tax Law did not authorize the assessment of a tax upon the transfer in a non-resident's estate of stocks in a New York public service corporation,   § 220, subd. 2, as amd. by Laws of 1915, chap. 664, and Laws of 1916, chap. 323.   The American Telephone and Telegraph Company was and is such a corporation. In 1919 this provision of the statute was amended so as to make the transfer of such shares taxable in a non-resident's estate. § 220, subd. 2, as amd. by Laws of 1919, chap. 626.

Under the authority of *Matter of Lansing,* 182 N. Y. 238, and *Matter of Slosson,* 216 id. 79, the transfer cannot now be taxed in the estate of the donee.   It was held in the former case (1) that legislation enacted subsequent to the probate of a will could not authorize a tax upon a transfer effected solely by means of the will of the donor with no aid from the power of appointment; (2) that the persons who would have taken in default of the exercise of the power may elect to take under the original will; (3) that the acceptance by those persons of a bequest of the individual property of the donee did not constitute an acceptance under the appointment; and (4) that it is immaterial whether the remainder under the original bequest is vested or contingent.   Here, as in *Matter of Lansing,* the will of the donor, upon the death of the life tenant, vested the remainder in the appointee, Theodore E. Parker, as the sole heir and next of kin.   The language of the will of Moses G. Parker is

almost identical, so far as the designation of the remaindermen, with the will in *Matter of Slosson, supra*. Here also the remainder vested, under the will, in a designated class of persons, the heirs and next of kin of the life tenant. *Matter of Smith*, 150 App. Div. 805. The fact that the corpus of the trust now includes forty-nine additional shares does not affect the right of the appointee to elect to take the benefits under the donor's will. These shares were simply an increment, by corporate action, of the principal of the appointed fund.

The order should, therefore, be modified by striking therefrom the amount of the tax upon this transfer. Settle order on notice accordingly.

Decreed accordingly.