In the Matter of the Estate of WILLIAM WALL, Deceased.

Surrogate's Court, New York County, September 17, 1930.

*Emmet, Marvin & Martin,* for the defendants M. M. Robinson and others.

*Edwards & Bryan,* for the defendants Emily G. Wall and F. Wall.

*Charles G. Coster,* special guardian, for Barbara Wall and others.

*Harold Flatto,* special guardian, for Michael Wall.

*John P. East,* for the fiduciary.

*John M. Leddy,* appraiser.

O'BRIEN, S. In this accounting proceeding several questions have been raised which relate to that part of decedent's will which reads as follows: " After providing for the above-mentioned debts, legacies, taxes and charges, to divide the residue of my estate into eight equal parts or shares and invest the same separately * * * and apply the income of one of said equal eighth parts or shares to the use of * * * my son Frank during his natural life, and at his death to pay and divide the principal of such last mentioned eighth part or share to and among the lawful issue of my said son Frank equally; * * *." This will was construed in the Appellate Division of the Supreme Court (*Phelps* v. *Cameron,* 109 App. Div. 798) and the words " lawful issue " were held to mean descendants. Therefore, the children, grandchildren and great-grandchildren of Frank T. Wall, the deceased life tenant, are entitled to take the same proportionate shares of the fund in question.

The first question presented in this proceeding is whether an infant grandson of Frank T. Wall, who was born two months and twenty-nine days after the death of said life tenant, is to share in the distribution. I hold that Michael Wall, the child in question, must be considered as *in esse* and, therefore, one of the lawful issue of Frank T. Wall and entitled to a share in the remainder. (*Matter of Wells,* 129 Misc. 447, 451, and the cases cited therein.)

The death of Frank T. Wall, Jr., and Elsie Wall, two infant children of the life tenant, in their infancy and before the termination of the trust, occasions the second question herein presented, viz., whether their interest in the remainder was vested or contingent. Now, the will itself offers no indication that testator had any particular children or grandchildren of his son Frank T. Wall in mind when he made his will. Thus, we must look to

the authorities presented by cases in which similar language in wills was used. The two cases, *Matter of Bostwick* (236 N. Y. 242) and *N. Y. Life Insurance & Trust Co.* v. *Winthrop* (237 id. 93), are in point. Just as in those cases there is nothing in the present will manifesting an intention on the part of testator that the corpus of the trust should vest in the issue of the life tenant prior to the latter's death. There are no words of present gift, but merely the direction " at his death to pay and divide the principal * * * to and among the lawful issue of my son Frank equally." I hold, therefore, that Frank T. Wall, Jr., and Elsie Wall having predeceased their father, Frank T. Wall, did not become entitled to share in the remainder of the trust fund in question.

As to the third question presented, viz., whether any transfer tax is payable upon the shares which are now to be distributed, I hold that the law in effect at the date of testator's death applies and it is immaterial as to this question whether the remainders are vested or contingent. (*Matter of Smith*, 150 App. Div. 805.) In the latter case the court held (at p. 809): " The beneficiaries' right to the succession to such interests, whether the interests be vested or contingent, accrued when testator's will became effective, prior to the first Transfer Tax Act, and those interests have subsequently vested in the possession and enjoyment of the remaindermen without the intervention of any subsequent testamentary act. At the instant such right of succession accrued it became immune, as a property right, from subsequent legislative impairment." In the present case it is conceded that the testator died prior to the passage of any estate, transfer or inheritance tax law.

The disposition of the deed to the cemetery plot constituting the family burial plot agreed upon by the parties interested therein is approved by the court.

The further question presented as to the division of certain securities included in the corpus of the trust may be disposed of in the manner prescribed in section 268 of the Surrogate's Court Act, by a distribution in kind after appraisal. With the consent of the adult parties, the suggestion of the trustee that the infants' shares be paid in cash could be followed. As recommended by the special guardians, a supplemental affidavit should be filed to bring the account down to the date of the decree. Submit decree on notice construing the will and settling the account accordingly.