(11 App. Div. 105.)

## TOWN OF NEWTOWN v. LYONS.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

1. HEALTH—GARBAGE ORDINANCE—COOKING IN OPEN VATS.

Cooking garbage in a vessel shut in a closed building is not a violation of an ordinance prohibiting the cooking of garbage "in any open vat, kettle or caldron, or in any manner so as to permit the vapors or exhalations from such boiling or cooking to escape into the surrounding air."

2. PENALTIES—CONFLICT OF EVIDENCE—ERROR TO DIRECT A VERDICT.

It was error to direct a verdict for plaintiff in an action to recover penalties where the allegations of the complaint were denied by the answer, and the evidence on the part of plaintiff was contradicted by defendant.

Appeal from Queens county court.

Action by the town of Newtown against Patrick Lyons to recover penalties for alleged violations of ordinances adopted by the board of health. From a judgment on a verdict directed by the court in favor of plaintiff, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Ira Leo Bamberger, for appellant.
Clarence Edwards, for respondent.

WILLARD BARTLETT, J. This is an action to recover penalties for several alleged violations of the ordinances adopted by the board of health of the town of Newtown in Queens county, under and by virtue of the powers conferred upon that body by the public health law. The ordinances which the defendant is alleged to have violated relate to the keeping and cooking of garbage. There was proof tending to show that he had violated these ordinances, and, at the close of the evidence on both sides, the learned county judge directed a verdict against the defendant for the sum of $300, being the amount of six penalties. The public health law empowers the local board of health of a town to "make and publish from time to time all such orders and regulations as they may deem necessary and proper for the preservation of life and health, and the execution and enforcement of the public health law in the municipality." Laws 1893, c. 661, as amended by Laws 1895, c. 203. Acting under this authority, the board of health of the town of Newtown, prior to any of the occurrences set out in the complaint in this action, had duly adopted and published certain orders and regulations, including three (sections 6, 7, and 8) relating to garbage. By section 6 all persons are forbidden to bring into the town of Newtown any garbage or refuse vegetable or animal matter in a decayed or decaying condition. Section 7 forbids any person from having or keeping at any place within said town "any such garbage or refuse vegetable or animal matter"; that is to say, any of the substances mentioned which are or may be in a decayed or decaying condition. In section 8 is a prohibition against boiling or cooking at any place within the town any garbage or refuse vegetable or animal matter "in any open vat, kettle or caldron, or in any manner so as to permit the vapors or exhalations from such boiling or cooking to escape into

the surrounding air." The defendant was charged with having vio-
lated sections 7 and 8 of the aforesaid orders and regulations, in
that between certain dates in August and September, 1895, he did
have and keep in an exposed condition, and did boil and cook in an
open vat or caldron, within the said town of Newtown, garbage and
refuse vegetable and animal matter in a decayed and decaying con-
dition; so that the odors, vapors, and exhalations from said matter
and from said boiling and cooking escaped into the surrounding air,
and polluted it. The answer was a general denial, and upon the
issue thus presented the parties went to trial.

It is admitted that the ordinances which are the basis of the pros-
ecution were duly published, as required by law. We are of the
opinion that, when properly construed, they are entirely reasonable,
and that their validity must therefore be upheld. No argument is
needed to show that garbage in a decayed or decaying condition is
a substance deleterious to health, the keeping of which may properly
be prohibited by a municipality in the exercise of the police power.
It is against the keeping of such material that section 7 of the ordi-
nances is directed. We think it is also a valid exercise of that
power for a local board of health to regulate the cooking of gar-
bage, even though it is not yet in a state which can be characterized
as a "decayed or decaying condition." The supreme court of Cali-
fornia has declared that the fact that garbage is in its nature a
nuisance is too plain to admit of controversy (Ex parte Casinello,
62 Cal. 538); and in Michigan it has been held that a common coun-
cil might reasonably require garbage to be removed from a city in
watertight, closed carts or wagons (People v. Gordon, 81 Mich. 306,
45 N. W. 658).

In regard to the charge of boiling garbage in an open vat or
caldron, the defendant insisted that the ordinance on this subject
should not be construed as a prohibition against cooking garbage
which was not in a decayed or decaying condition, in open kettles,
where such vessels were inclosed in a building; which would not
allow the escape therefrom of any vapors or odors to which the
process of boiling might give rise. In this respect we think his
contention is correct. No more harm could come to the public
from cooking the undecayed garbage in such a closed building than
from cooking it in a closed vessel outside the building; and a rea-
sonable construction of the ordinance, with reference to the evil
against which it is directed, requires us to hold that a cooking ves-
sel so shut into a closed building would not be "an open vat, kettle,
or caldron," within the meaning of the ordinance. There was
ample evidence tending to show that the defendant had violated the
ordinance, even when thus construed; that is to say, that the shed
in which he cooked the garbage was really so open as readily to
allow the escape of noxious odors and unhealthful emanations. If
this proof had remained uncontroverted, the court below would have
been entirely justified in directing a verdict for the plaintiff. But
it was disputed, and disputed in a very positive manner, in behalf
of the defendant, who himself testified that he did not have in his
possession during August or September, 1895, any garbage in a

decayed or decaying condition; and, furthermore, that the garbage which he cooked for his cattle was boiled in a tight closed shed, from which none of the fumes or exhalations could escape. The defendant's testimony on this subject was made particularly emphatic by the cross-examination, as follows:

"Q. Do you mean to tell this court and jury that you have an hermetically sealed shed there, so that the air from the inside of that shed cannot pass out into the air on the outside? A. Yes. Q. That is what you mean to swear to? A. Yes; I have a tight closed shed. Q. And you will swear positively that none of the fumes or exhalations from this boiling can escape from that shed? A. Not to my knowledge. Q. Don't you know whether it does or not? A. It does not."

While it may be that the jury would not have given full credit to this testimony, especially in view of the fact that the witness had stated at the beginning of this cross-examination he could not remember whether he had ever spent a few days in Queens County jail or not, yet the evidence in behalf of the defendant raised an issue of fact, which he was entitled to have submitted to the jury.

For this reason, it was error to direct a verdict; and the judgment must be reversed, and a new trial granted, with costs to abide the event. All concur.