MARION CARTWRIGHT, Appellant, *v.* THE CITY OF COHOES, THE: BOARD OF HEALTH OF THE CITY OF COHOES, HENRY A. STRONG,. as Mayor of the City of Cohoes, and Others, Constituting and: Comprising the Board of Health of the City of Cohoes, and JOHN: ARCHIBALD, Health Officer of said Board of Health of the City of. Cohoes; Respondents.

*Board of health — abatement of a nuisance by filling a privy vault.*

An ordinance, adopted by the board of health of a municipal corporation pursuant to legislative authority, prohibiting the maintenance of any privy vault within twenty-five feet of any door or window of any residence and declaring the same a nuisance, is a reasonable regulation; and where the owner of the premises upon which such a vault exists, after notice to appear before the board, which he does not comply with, fails to abate the nuisance, the board, having taken testimony in regard thereto, may declare the particular vault to be a nuisance, detrimental to life and health, and may, by its health officer, enter upon the premises and abate such nuisance by filling the vault with earth.

APPEAL by the plaintiff, Marion Cartwright, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 27th day of April, 1898, upon the report of a referee.

The plaintiff is the owner of a lot in the city of Cohoes upon which is erected a four-story double brick building. The plaintiff has erected at a distance of about twelve feet from said brick building a brick privy or closet some twenty-seven or twenty-eight feet in length, subdivided into eight compartments, which since its erection has been maintained for and constantly used by the tenants of such building; such privy is within twelve feet of the doors and windows of such four-story brick building, and within twenty-five feet of the doors and windows of other buildings used for residence and business purposes.

These vaults or closets have three openings into a sewer; no water passes through them, except in times of rain, when the water from the roof of the main building in front passes through.

Fecal and other matter accumulates in them, and it has been the custom of the plaintiff to clean them out about three times a year.

THIRD DEPARTMENT, MARCH TERM, 1899.          [Vol. 39.

By chapter 661 of the Laws of 1893 the Legislature has conferred upon local boards of health the power to make orders and regulations for the preservation of life and health, and the execution and enforcement of the Public Health Law.

Pursuant to such law the board of health of the city of Cohoes, on the 7th day of August, 1895, adopted a regulation or ordinance providing in part as follows : " No owner, lessee, occupant or agent of any building or premises shall maintain within the city any privy vault or cesspool made or built in the earth within twenty-five feet of any door or window of any residence upon such premises, or any residence upon adjoining premises, and such maintenance of any privy or privy vault shall be declared to be a public nuisance and condition detrimental to life and health.   Any or all privies, privy vaults and cesspools existing within the city shall be removed or filled up by the owner, lessee, occupant, agent or other person having charge or control of the premises on which they exist, whenever the same becomes a nuisance and condition detrimental to life and health, by rendering the soil, air or water impure, injurious, unwholesome, or constitute a condition of any kind detrimental to life and health."   This regulation was numbered regulation or rule 26, and was duly published in the newspapers published and circulated within the city of Cohoes.

Upon the 26th day of October, 1895, notice was served upon the plaintiff by the health officer of the board of health requiring her to abate and remove such nuisance within five days after such notice.

After receiving this notice the plaintiff caused such vaults to be cleaned out by removing all fecal matter therefrom, but continued to use them as theretofore.

Thereafter, on the sixth day of November, the board of health passed a resolution whereby it ordered that the plaintiff be cited to personally attend a meeting of the board of health on the fourteenth day of November, at a time and place specified therein, to show cause why proceedings should not be taken to declare the privy a nuisance and condition dangerous to health, and also in violation of the order and regulation No. 26, hereinbefore referred to, and to abate the same.

A copy of this resolution was served upon the plaintiff on the

eighth day of November. The plaintiff did not appear before the board of health on the fourteenth day of November.

The board, after an examination of witnesses in relation thereto, adopted a resolution declaring said privy to be a nuisance and detrimental to life and health, and also in violation of the order and regulation known as rule or regulation No. 26 of the board of health, and directed the health officer to notify the owner of said privy or closet of the adoption of such resolution, and required her to abate such nuisance and to comply with the requirements of rule 26 within five days, and in the event of the owner failing to abate such nuisance and to comply with the requirements of said order and regulation No. 26, the health officer was directed " to enter upon the premises and perform such work as may be necessary to abate and suppress said nuisance, and render said privy vault no nuisance and condition detrimental to life and health, or not in violation of said order or regulation."

Such resolution or order was served upon the plaintiff on the 15th day of November, 1895. The plaintiff neglected and refused to comply with the order of the board of health, and on the twenty-fifth day of November the health officer of the board of health entered upon the premises of the plaintiff, opened the doors of said privy, took up the floors, threw chloride of lime into the vaults and filled them up with earth.

The plaintiff thereupon commenced this action, demanding judgment that the defendants, their agents and servants, be forever restrained from " removing, tearing down or interfering in any way with said brick water closet building or buildings, and closing and filling up such vault or vaults, or otherwise wasting or injuring the same, and from in any way or manner entering in and upon said land and premises to interfere with said brick water closet or vault or vaults."

The plaintiff obtained a temporary injunction restraining the defendants as prayed for in the complaint, and thereafter removed the earth from said vaults or closets and proceeded to use and allow them to be used as theretofore.

The action was referred to a referee who made his report wherein, among other things, he directed judgment against the plaintiff, dismissing her complaint and vacating the injunction, and from the judgment so directed this appeal is taken.

*Charles F. Doyle*, for the appellant.

*Isaiah Fellows, Jr.*, for the respondent board of health.

*Henry A. Strong*, for the respondent city of Cohoes.

HERRICK, J.:

The Legislature may lawfully confer on boards of health the power to enact sanitary ordinances having the force of law within the localities for which they act. (*Polinsky* v. *People*, 73 N. Y. 65; *Cronin* v. *People*, 82 id. 318.)

The rule or regulation of the board of health in relation to privy vaults was, I think, a reasonable one. (*Health Department* v. *Rector*, 145 N. Y. 32; *Board of Health* v. *Copcutt*, 140 id. 12; *Town of Newtown* v. *Lyons*, 11 App. Div. 105; *Commonwealth* v. *Roberts*, 155 Mass. 281.)

That privy vaults in a city may be detrimental to the public health when located near to inhabited dwellings or places of business needs very little argument to prove; and within the principle of the above-cited cases it seems to me that they are eminently proper subjects for regulation by boards of health.

The ordinance being a reasonable one, one that the board has a right to pass, the board had a right to enforce it in the manner provided by the statute, even though that involved to some extent the destruction of plaintiff's property.

"The right of summary abatement of nuisances without judicial process or proceeding was an established principle of the common law long before the adoption of our Constitution, and it has never been supposed that this common-law principle was abrogated by the provision for the protection of life, liberty and property in our State Constitution, although the exercise of the right might result in the destruction of property." (*Lawton* v. *Steele*, 119 N. Y. 226, 235.)

The statute, section 26, chapter 661 of the Laws of 1893, provides that, "If the owner or occupant of any premises fails to comply with any order or regulation of any such local board for the suppression and removal of any nuisance or other matter, in the judgment of the board detrimental to the public health, made, served or posted as required in this article, such boards or their servants or employees

may enter upon the premises to which such order or regulation relates and suppress or remove such nuisance or other matter."

In this case the regulation was published. The notice to plaintiff was served upon her. In addition to the general regulation No. 26, the board of health condemned this particular privy, after taking testimony in relation thereto and giving the plaintiff an opportunity to be heard. It went much further than the law required it to do. It was not obliged to hear anybody. It could have acted upon its own inspection and knowledge of the premises. (*People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1, 10; *Health Department* v. *Rector,* 145 id. 32, 41.)

In addition the fact appears that the plaintiff's privy was in fact a nuisance.

The referee has found, and there is evidence to sustain it, that the vault was in fact a nuisance and detrimental to the public health.

And as such the board of health has a right to abate it and should not be restrained from so doing. The judgment should, therefore, be affirmed.

All concurred.

Judgment affirmed, with one bill of costs.