(60 Misc. Rep. 506.)

## In re LOWNDES' ESTATE.

(Surrogate's Court, New York County.  September, 1908.)

TAXATION (§ 878*)—INHERITANCE TAX—PROPERTY SUBJECT.

A will provided that testatrix's estate should vest in trustees, the income to be paid to her children for life, and that on the death of any child the trustee should transfer the share of such child according to any will such child might make, and in default of a will to her issue.  One of the children died, leaving a will giving her share to her husband for life and on his death to her children.  *Held*, that the children of the deceased child took under their mother's will, so that the property acquired was subject to the inheritance tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1701; Dec. Dig. § 878.*]

In the matter of the estate of Gertrude L. Lowndes.  Application to remit the report of the appraiser for further consideration.  Application granted.

Henry F. Miller, for petitioner.
John S. Jenkins, for Comptroller.

BECKETT, S.  Application to remit the report of the appraiser to him for further consideration and report.  An order was duly made designating an appraiser to fix the fair market value of the property of Gertrude L. Lowndes, deceased, which is subject to the payment of a transfer tax.  The appraiser reported that the property sought to be appraised passed by virtue of a power of appointment in the will of Gertrude L. Lowndes, deceased, that the proceeding to fix the tax should be brought in the name of the estate of the donee of the power, and that the surrogate of this county has no jurisdiction in the matter.

Gertrude L. Lowndes by her will provided that her estate should vest in executors and trustees, and that the income should be paid to her children during life, "and upon the death of either of them to convey, transfer, set over and assign such equal fourth part according to the provisions of any will my said daughters may make, and, in default of a will, then to convey, transfer, and set over such equal fourth part to the issue of my said daughter."  Annie Chase was one of the daughters of Gertrude L. Lowndes, and the parties on whose behalf this proceeding was commenced are the children of the said Annie Chase.  The latter exercised the power of appointment conferred upon her as follows:

"All the rest, residue and remainder of my estate, and any and all estate or property over which I have any power of disposition or appointment, and especially any estate in which I have any interest or over which I have any such power under the will of my mother, Gertrude L. Lowndes, I give, devise and appoint the same to my husband for and during his life, and upon his death to my two children."

As the power of appointment was exercised by the life beneficiary, and as it was only in case of her failure to exercise the power that the donor of the power vested the remainder in the children of the donee, they derived their title to the property through the exercise of the

power of appointment, and not directly under the will of Gertrude L. Lowndes. Matter of Cooksey, 182 N. Y. 92, 74 N. E. 880; Matter of Lewis (Sur.) 113 N. Y. Supp. 1112. The donee of the power, a nonresident of this state, having exercised the power in connection with real estate situated in this county, the Surrogate's Court of this county has jurisdiction of the proceeding to assess a tax upon the transfer of the property passing by virtue of the exercise of the power of appointment. Matter of Seaver, 63 App. Div. 283, 71 N. Y. Supp. 544.

The proceeding should be amended by entitling it "In the Matter of the Transfer Tax upon the Trust Created by the Will of Gertrude L. Lowndes, Deceased, for the Benefit of Annie L. Chase and Her Appointees or Heirs," and, when so amended, the appraiser's report will be remitted to him for further consideration and report in accordance with the direction of the order designating him.

Decreed accordingly.