CLEMENT, Com'r of Excise v. MAY.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. CONSTITUTIONAL LAW (§ 306*)—DUE PROCESS—ABATEMENT OF PUBLIC NUISANCE.

Summary abatement of a public nuisance, though depriving one of his property, having been permissible at common law, and the common law having been adopted by the Constitution, it was not necessary for Liquor Tax Law (Laws 1896, p. 73, c. 112) § 31c, as amended by Laws 1908, p. 1041, c. 350, § 13—declaring liquors thereafter kept, stored, or deposited in the state for purpose of sale and distribution therein in violation of the act to be a nuisance, and forfeited to the state—to provide for a judical determination, in order to destroy the right of property in the liquor so kept or stored.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 928; Dec. Dig. § 306.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. CONSTITUTIONAL LAW (§ 309\*)—DUE PROCESS—PROCEEDINGS IN REM.**

Even it be necessary, in order to satisfy the provision of the Constitution that one shall not be deprived of his property without due process of law, that Liquor Tax Law (Laws 1896, p. 73, c. 112) § 31c, as amended by Laws 1908, p. 1041, c. 350, § 13—declaring liquors thereafter kept, stored, or deposited in the state for purpose of sale or distribution therein, in violation of the act to be a nuisance, and forfeited to the state—should provide for the forfeiture through judicial proceedings, it is enough that it provides for a judicial proceeding in rem, according to the rules and forms which have been established for the protection of private rights, though it does not require personal service of notice or process on the party whose property is in question, the service prescribed by notice to the person in possession or by posting on the premises being reasonably calculated to inform the owner of the proceedings.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 929; Dec. Dig. § 309.\*]

Appeal from Tompkins County Court.

Proceedings by Maynard N. Clement, as commissioner of excise, to forfeit liquor of Joseph May. From an adverse judgment and order, May appeals. Affirmed.

Appeal from a judgment declaring the forfeiture and directing the destruction of 19 barrels of cider entered in the office of the clerk of the county of Tompkins January 25, 1909, upon the verdict of a jury, and from an order denying the defendant's motion for a new trial made upon the minutes. The judgment was rendered in a proceeding taken under section 31c, subd. 2, Liquor Tax Law (chapter 112, p. 73, Laws 1896, as amended by section 13, c. 350, p. 1041, Laws 1908).

Subdivision 1 of section 31c provides that: "Liquors kept, stored or deposited in any place in this state after July first, nineteen hundred and eight, for the purpose of sale and distribution therein in violation of the provisions of this act, and the vessels in which such liquors are contained, are declared to be a nuisance, and are forfeited to the state when seized, and such forfeiture declared in the manner provided in this section." Subdivision 2 provides that upon a verified complaint, setting forth facts which establish that liquors are kept, stored, or deposited for the purpose of unlawful sale or distribution, a warrant may be issued directed to a peace officer, or to a special agent, commanding him to search the premises described in the warrant for the liquors described therein, and seize and keep the liquors until final action thereon. It also provides that the warrant shall contain a notice directed generally to all persons claiming any right, title, or interest in the liquors to appear before the judge or justice at a place and time therein specified, and show cause why such liquors should not be forfeited to the state; that a copy of the warrant shall be delivered to the person keeping the liquors, if he be present at the time of the seizure, and, if he be not, then to the person, if any, apparently in possession of such liquors, or of the premises wherein the same are found, and that another copy of the warrant shall be posted in a conspicious place upon the premises; that any person claiming any right, title, or interest in the liquors seized may interpose an answer and the issues thus framed shall be deemed an action and shall be tried as other issues of fact; that, if no verified answer is served, the judge or justice shall proceed to hear the testimony in 'support of the complaint, and, if it be established that the liquors so seized were kept, stored, or deposited for the purpose of unlawful sale or distribution within this state, judgment of forfeiture shall be entered which shall provide for the destruction of the liquors and the vessels in which they are contained.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Myron N. Tompkins, for appellant.

Royal R. Scott, for respondent.

SEWELL, J.   The main question presented by this appeal is wheth-
er the provisions for a seizure, forfeiture, and destruction of liquors
kept or stored for the purpose of sale and distribution in violation of
the statute are constitutional.

It is well settled that the Legislature has power to enlarge the cat-
alogue of public nuisances and declare places or property used to the
detriment of public interests or to the injury of the health, morals,
or welfare of the community public nuisances, although not such at
the common law.   In Lawton v. Steele, 119 N. Y. 226, 23 N. E. 878,
7 L. R. A. 134, 16 Am. St. Rep. 813, it was said:

"The right of the Legislature by a new statute to impose upon property
held or used in violation of law the character of a public nuisance is gen-
erally admitted."

The appellant does not seriously question this power of the Legis-
lature, but he insists that the manner or course of proceeding provid-
ed in the statute for declaring the forfeiture is not due process of law.
It is clear that, if the Legislature had power to direct the summary
destruction of liquors kept or stored for the purposes of sale in vio-
lation of law, the objection to the judicial proceeding provided for
in the act has no application.

It was a principle of the common law that any one might abate or
remove a public nuisance without staying to have the thing abated
or removed found to be a nuisance by a jury, or in or by any pre-
liminary legal proceeding.   Hart v. Hoyt, 9 Wend. 571, 24 Am. Dec.
165; Coe v. Schultz, 47 Barb. 64; Cartwright v. City of Cohoes, 39
App. Div. 69, 56 N. Y. Supp. 731; Rockwell v. Nearing, 35 N. Y.
308; Lawton v. Steele, supra.   In Coe v. Schultz, Southerland, J.,
speaking of the constitutional provision that no person shall be de-
prived of life, liberty, or property without due process of law, said:

"No one has probably ever suggested that Magna Charta interfered with
the process of summarily abating a public nuisance.   If the abatement involv-
ed the deprivation of property, the owner was deprived of his property 'by
due process of law' if the thing abated was a public nuisance, for then the
summary process of abatement was authorized by the common law, and any
process authorized by law must be due process.   The common law was adopt-
ed by our state Constitution, and, if this summary process of abating a pub-
lic nuisance was 'due process' within the meaning of Magna Charta, there is
not a room for doubt that it is 'due process' within the meaning of our state
Constitution."

In Lawton v. Steele the court said:

"The right of summary abatement of nuisances without judicial process or
proceedings was an established principle of the common law long before the
adoption of our Constitution, and it has never been supposed that this com-
mon-law principle was abrogated by the provision for the protection of life,
liberty, and property in our state Constitution, although the exercise of that
right might result in the destruction of property.   * * *   But, as the Leg-
islature may declare nuisances, it may also, where the nuisance is physical
and tangible, direct its summary abatement by executive officers, without the
intervention of judicial proceedings, in cases analogous to those where the
remedy by summary abatement existed at common law."

There are many statutes directing the summary seizure and destruction of property kept or used in violation of law as a nuisance de facto demanding to be abated. I can see no distinction as to the power of the Legislature in respect to liquor kept, stored, or deposited for the purpose of unlawful sale or distribution and gambling implements, lottery tickets, infected beds and cargoes, impure and unwholesome food, obscene prints, or other articles of an indecent character. The law destroys all these for the public good, upon the principle that they are kept in violation of law, that they are not protected as property by the Constitution, and therefore the seizure and physical destruction, without resort to judicial proceedings, interferes with no right of the owners.

This case differs from Wynehamer v. People, 13 N. Y. 378, cited by the appellant. There the question was whether an "Act for the prevention of intemperance, pauperism and crime" (chapter 231, p. 340, Laws 1855), which declared intoxicating liquors a nuisance per se, and substantially destroyed property in liquors owned or possessed at the time the act took effect, was constitutional, and it was held that, where liquors were acquired by a citizen under an existing law, there is no power in any branch of the government to take it away. That case impliedly, if not necessarily, affirmed the power of the Legislature to destroy intoxicating liquors acquired subsequent to the passage of the act. Judge Johnson there said:

"The future acquisition the Legislature might, in my opinion, control, and I am not disposed to deny that they could have subjected such future acquisition to the prohibition this act imposed."

I am therefore of the opinion that it was not necessary to provide, in the statute in question, for a judicial determination, in order to destroy the right of property in liquor kept or stored in violation of its provisions.

If, however, we assume that the Legislature had no power to declare the liquors forfeited without the intervention of judicial authority, the act is not in conflict with the constitutional provision that no person shall be deprived of his property "without due process of law." It provides for a judicial proceeding in rem, according to the rules and forms which have been established for the protection of private rights. It is no objection to the validity of the proceeding that it does not require personal services of a notice or process upon the party whose property is in question. It is sufficient if a kind of notice is provided by which it is reasonably probable that the party proceeded against will be apprised of what is going on or against him and an opportunity is afforded him to defend. In the Matter of Empire Bank, 18 N. Y. 199; Rockwell v. Nearing, 35 N. Y. 302; Happy v. Mosher, 48 N. Y. 317; Hiller v. B. & M. R. R. Co., 70 N. Y. 223; Matter of Union E. R. R. Co. of Brooklyn, 112 N. Y. 61, 19 N. E. 664, 2 L. R. A. 359. The Legislature has uniformly acted upon that understanding of the Constitution, and has provided for the services of process or notice upon natural persons by posting, publication, by mail, by leaving the notice at the parties' place of residence, or by leaving it with the person in whose possession the property may be found.

I think that the service prescribed by the present statute is reasonably calculated to inform the owner of the proceedings against his property, and that the learned county judge was right in holding that it invaded none of the constitutional rights of the defendant. It follows that the judgment and order of the County Court should be affirmed, with costs. All concur.