2. CONSTITUTIONAL LAW ⊜48,—TRANSFER TAXES—STATUTES—VALIDITY.
    The question of the constitutionality of the statute, where the appointment is by deed instead of by will, not being free from doubt, the statute will be sustained, as a court of the first instance should not declare an enactment of the Legislature invalid.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46;  Dec. Dig. ⊜48;  Statutes, Cent. Dig. § 56.]

3. TAXATION ⊜895(1)—TRANSFER TAXES—STATUTES—CONSTRUCTION.
    Under Tax Law, § 220, subd. 6, transfer taxes imposed on a transfer resulting from the exercise of a power of appointment by deed are to be computed on the value of the property at the time of the exercise of the power, though such power was created before the enactment of the Tax Law.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714, 1716;  Dec. Dig. ⊜895(1).]

In the matter of the transfer tax upon the estate of John G. Wendel, deceased.   From an order assessing the tax, the State Comptroller appeals.   Reversed, and matter remitted to appraiser.

Francis A. Winslow, of New York City, for appellant.
Burlock E. Rabell, of New York City, for respondents.

SAWYER, S.   John G. Wendel died intestate on the 30th day of November, 1914, and letters of administration were duly issued upon his estate by the surrogate of Westchester county on the 30th day of January, 1915.

John D. Wendel, the father of the deceased intestate, died on November 24, 1876, leaving a last will and testament, wherein he devised certain real estate to his son John G. Wendel, for life, with power of appointment by deed or will to his lawful issue or to his sisters or their issue in such shares and for such estates and on such conditions as he might think fit.

The paragraph of said will containing such power of appointment is as follows:

"Twenty-first:  To my son John G. Wendel I devise the southerly half of the block of ground lying between Broadway and Seventh avenue and 38th

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and 39th streets, that is to say eighteen lots of land known by the Ward Map numbers of the city as 4720, 4721, 4722 and 4723 on the west side of Broadway and 4723½, 4724, 4725, 4725½, 4726, 4727, 4727½, 4728, 4729 and 4729½ on the north side of West 38th street and 1190, 1191, 1192 and 1193 on the east side of Seventh avenue to have and to hold the said eighteen lots of land for and during his life the rents issues and profits I devote expressly to his own use and benefit, and I authorize him to appoint the said real estate to and amongst his lawful issue or to his sisters or their issue in such share and for such estates and on such conditions as he may think fit by deed or by will, and in case he shall leave no such valid appointment I devise the said lots of land to his lawful issue and if he shall leave no such issue then to his sisters their heirs and assigns in fee simple forever."

Pursuant to such power of appointment, the donee, John G. Wendel, on or about the 23d day of January, 1911, delivered to his sisters six certain deeds conveying to them the premises mentioned in the twenty-first paragraph of the will. He also conveyed to them by the same instruments his life interest in the premises in question. The transfer tax appraiser has refused to tax said real estate in which the deceased had a life interest, and which was transferred by him by deeds, pursuant to the power of appointment mentioned in the father's will. The state comptroller now appeals, claiming that the real property thus transferred was taxable at the date of the death of the decedent herein.

[1] Section 220, subdivision 6, of the Transfer Tax Law, is as follows:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this chapter, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

This portion of the statute is in substance the same as the original one of 1897. The act is constitutional, when the power of appointment is exercised by will, even though the transfer would not be subject to the tax except for the exercise of the power of appointment. Matter of Vanderbilt, 50 App. Div. 246, 63 N. Y. Supp. 1079, affirmed 163 N. Y. 597, 57 N. E. 1127; Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508, sustained 183 U. S. 278, 22 Sup. Ct. 213, 46 L. Ed. 196, sub nom. Orr v. Gilman.

The facts in the Vanderbilt Case were as follows: William H. Vanderbilt died in 1885, leaving a last will and testament. His son Cornelius was to receive the income for life of a certain trust fund. Upon his death the fund was to be paid to his lawful issue in such shares or proportions as Cornelius might by his last will and testament direct or appoint. Cornelius died, leaving a last will and testament, and exercised the power of appointment mentioned in the will of his father. At the time of the death of William H. Vanderbilt this fund or the right to succession was not taxable under the Collateral Inheritance Tax Law. The court (50 App. Div. at page 252, 63 N. Y. Supp. at page 1083) held as follows:

"If the right of succession to this fund was taxable, as we think it was, the Legislature had the power to declare that the tax should be imposed as of the time at which the right to possession of the amount appointed of the fund to each remainderman became fixed and determined by the exercise of the power of appointment. While the appointees take by relation back so as to derive their title under William H. Vanderbilt's will, they must take their specific shares in designated amounts from the time of the execution of the power, and, we think, that the authority of the state to impose a tax on the right of succession continued until the time at which the extent of that right was finally fixed by the exercise of the power of appointment. If the views above expressed are correct, then it is quite apparent that property has not been taken without due process of law, but only in the ordinary exercise of the right of the state to impose burdens upon the citizens by way of taxation."

If, then, John G. Wendel had exercised the power of appointment derived from the father's will by a last will and testament, clearly under the decision in the Vanderbilt Case the property transferred to the appointees under the power would have been taxable. In this case, however, the power of appointment was exercised by deed.

[2, 3] The question then which must be determined is: Where the power of appointment is exercised by deed, and the transfer of the property would not be subject to the tax if it were not for the exercise of the power of appointment, is there a taxable transfer?

This question does not appear to have been passed upon in a reported case. The dictum in Matter of Delano, 176 N. Y. 486, 494, 68 N. E. 871, 873 (64 L. R. A. 279), sustained in 205 U. S. 466, 27 Sup. Ct. 550, 51 L. Ed. 882, sub nom. Chanler v. Kesley, raises a doubt as to the question, the Court of Appeals saying:

"No tax is laid on the power, or on the property, or on the original disposition by deed, but simply upon the exercise of the power by will, as an effective transfer for the purposes of the act. *If the power had been exercised by deed,* a different question would have arisen, but it was exercised by will and owing to the full and complete control by the Legislature of the making, the form and the substance of wills, it can impose a charge or tax for doing anything by will."

The United States Supreme Court, in reviewing the Delano Case, supra, said (205 U. S. 476, 27 Sup. Ct. 553, 51 L. Ed. 882):

"The exercise of the power bestowing property in the present case was made by will, and we need not consider the case, expressly reserved by the Court of Appeals in its opinion, as to the result if it had been exercised by deed."

The question of the constitutionality of the statute under consideration, where the power of appointment is by deed and not by will, is an interesting one and not entirely free from doubt. Matter of Delano, supra. But I will sustain the law on the ground that a statute should not be pronounced void by a court of first instance. See Matter of Hosack, 39 Misc. Rep. 132, 78 N. Y. Supp. 983. We must determine, therefore, what, in our opinion, was the intention of the Legislature, when it enacted section 220 of the Transfer Tax Law, in so far as the same may relate to the question herein presented.

There are six different subdivisions or classifications of taxable transfers mentioned in this section, and a tax is imposed upon the transfer of any property to persons or corporations in the following cases: Under subdivisions 1, 2, and 3, where the transfer is by will

or intestacy; under subdivision 4, where the transfer is made by deed or gift in contemplation of death; under subdivision 5, where any person or corporation becomes beneficially entitled in possession or expectancy to any property by any *such transfer* (referring to transfers by will, intestacy or deeds in contemplation of death), whether made before or after the passage of the act; and under subdivision 6, where any person or corporation *shall exercise a power of appointment* (meaning by will or deed), derived from any disposition of property made either before or after the passage of the act.

Summarizing the whole six subdivisions, it will be seen that subdivisions 1, 2, and 3 refer to transfers made by will, subdivision 4 to transfers by deed, and subdivisions 5 and 6 refer both to transfers by deed and will. Manifestly, the Legislature had in mind, when section 220 was enacted, the taxing of transfers made both by will and deed. Subdivision 6 refers, then, to *any* power of appointment, whether made by will or deed, "derived from any disposition of property made either before or after the passage of this chapter."

The Legislature, having mentioned in this section transfers made both by will and deed, would have certainly added the word "will" to subdivision 6, if it had intended to limit that subdivision to a transfer under a power of appointment made by will only. Not having added the word "will," the remaining portion of subdivision 6, then, would be in substance as follows: Any appointment *by will or deed,* when exercised, shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power *and* as though the property to which such appointment relates *had been bequeathed or devised by such donee by will.* In other words, where the power of appointment was exercised by deed, as in this case, it "shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment *relates * * * had been bequeathed or devised* [by John G. Wendel, the donee] * * * by will."

The Legislature under section 220 never intended to exempt from taxation property transferred under a power of appointment, where such power had been exercised by deed. The exercise of a power of appointment derived *from a deed* made prior to the original Collateral Inheritance Tax Law of 1885 was held to be taxable where the donee exercised the power by will. Matter of Delano, supra. It is the exercise of the power that gives the property to the appointee, and the tax is imposed *at the time the property is transferred by the exercise of the power of appointment.* Matter of Vanderbilt, supra; Matter of Dows, supra; Matter of Delano, supra; Isham v. New York Ass'n for the Poor, 177 N. Y. 218–223, 69 N. E. 367; Matter of Lowndes, 60 Misc. Rep. 506, 113 N. Y. Supp. 1114.

The tax, then, in this case was imposed at the time the property was transferred by the exercise of the power of appointment, which was January 23, 1911, the date of the delivery of the deeds to the decedent's sisters. The value of the real property transferred herein under the power of appointment was appraised at $1,525,000.

The matter is remitted to the transfer tax appraiser for a reappraisal. The condition and *value* of the property at the time of the exercise of the power should determine its liability to the tax. Matter of Dows, supra. The appraiser should fix the value of the transfer as of January 23, 1911, deducting, of course, the value of the life estate of John G. Wendel, which was derived from the will of his father before the passage of any collateral inheritance tax law.

Decreed accordingly.