Matter of the Appraisal of the Estate of ADALINE WINTJEN, Deceased.

(Surrogate's Court, Westchester County, March, 1917.)

Transfer tax — taxes — joint tenants — when mortgages subject to transfer — Tax Law, § 220(7), as amended in 1916.

Decedent, who died after the amendment of 1916 to section 2207 of the Tax Law, and her husband had years before jointly invested in real estate mortgages which contained the following: " It is understood that the parties of the second part heretofore hold this mortgage as joint tenants, it being their intention that on the death of one the survivor shall absolutely own the same." *Held,* that said amendment was retroactive and that the mortgages were subject to a transfer tax thereunder.

APPEAL from an order assessing a transfer tax.

Harry V. Morgan, for appellants.

Francis A. Winslow, for State Comptroller.

SAWYER, S.    Adaline Wintjen died on May 20, 1916, leaving a last will and testament which was duly admitted to probate by the surrogate of Westchester county.

In the years 1906 to 1913, both inclusive, Adaline Wintjen, the decedent, and Marx Wintjen, her husband, jointly invested upwards of $150,000 in mortgages covering real estate, all of said mortgages containing the following clause: ''It is understood that the parties of the second part heretofore hold this mortgage as joint tenants, it being their intention that on the death of one the survivor shall absolutely own the same.''

The transfer tax appraiser has held that these mort-

Surrogate's Court, Westchester County, March, 1917. [Vol. 99.

gages are taxable under the provisions of chapter 664, Laws of 1915 (the Tax Law), as amended by chapter 323 of the Laws of 1916. The executor and the husband of decedent both appealed.

The statute in question under which the mortgages have been taxed is as follows:

" 7. Whenever property is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety, joint tenant or joint depositor and had been bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant or joint depositor by will."

The mortgages in question were held by the decedent and her husband as joint tenants and not as tenants in common.

It seems to me that the statute is retroactive and refers to property held jointly prior to the passage of this act as well as to property thus acquired after its passage.

I am unable to find where the question of the constitutionality of the statute under consideration has been passed upon by the higher courts. But I will sustain the law on the ground that a statute should not be pronounced void by a court of first instance. *Matter of*

*Wendel,* 95 Misc. Rep. 406; *Matter of Hosack,* 39 id. 132.

But one exemption of $5,000 should be allowed from the aggregate amount of all transfers passing to the beneficiary.  Tax Law, § 221-a, as amd. by Laws of 1915, chap. 664.  Order fixing transfer tax affirmed.

Order affirmed.