THE PEOPLE OF THE STATE OF NEW YORK *v.* SELINA
BLANCHARD, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK *v.* MARIE
DONOHUE, Defendant.

(Supreme Court, Franklin Special Term, December, 1918.)

Liquor Tax Law, § 30-P — what is a valid exercise of police power —
constitutional law — indictments — when demurrer overruled.

The provision of section 30-P of the Liquor Tax Law, that
it shall be unlawful for a person to have liquors in any
quantity in his possession in any city or town where traffick-
ing in liquor is prohibited, except when prescribed by a duly
licensed physician for the medicinal use of such person or of
some other person for whom such liquors were so prescribed,
is a valid exercise of the police power and is not in violation
of any provision of the constitution.

A demurrer to an indictment charging a violation of said
section, on the ground that it deprives defendants of their
property in liquor without due process of law and abridges
their privileges, will be overruled.

DEMURRERS to indictments.

E. C. Lawrence, district attorney, for people.

A. B. Cooney, for defendants.

VAN KIRK, J.  The two above defendants have been
indicted by the grand jury in Franklin county under
subdivision P of section 30 of the Liquor Tax Law,
providing that it shall be unlawful for a person to have
liquors in any quantity in his possession in any city or
town where trafficking in liquors is prohibited under
the provisions of the act, except when prescribed by
a duly licensed physician for the medicinal use of such
person or of some other person for whom such liquors
were so prescribed.  The defendants have demurred to

26

the indictment on the ground that this provision of the Liquor Tax Law is unconstitutional, because defendants are deprived of their property in liquor without due process of law and their privileges are abridged. U. S. Const. art. 14, § 1. They rely chiefly upon the case of *Wynehamer* v. *People,* 13 N. Y. 378. In that case the indictment was for selling liquors in violation of the Prohibitionary Act of 1855. The defendant was convicted, the Supreme Court affirmed the conviction (20 Barb. 567), but the Court of Appeals reversed the judgments in the lower courts, holding that the entire act was unconstitutional and void because it substantially destroyed property rights in liquors owned at the time the act took effect. But, apparently, had the law applied to liquors manufactured or acquired after the act took effect only, it would have been held constitutional. Applied to our present condition, the logical conclusion of some of the expressions in the several opinions written in the case seems to be that, under our present liquor law, those provisions which forbid the sale and use as property of liquors owned and possessed when the dry vote takes effect, are unconstitutional and such liquors could be sold during the prohibited period.

Many decisions and legislative enactments since the *Wynehamer* case recognize that, in the exercise of the police power, the government may prohibit the sale or possession of liquors, as well as other kinds of property, without violating the Constitution, whenever such property was acquired. The same power which can restrain and impose conditions on the sale of property can prohibit such sale whenever necessary for the public welfare. It is a matter of degree of restraint. Section 33 of the Liquor Tax Law, entitled " Search for seizure and forfeiture of liquors kept for unlawful traffic," providing under certain circumstances for the

destruction of liquors and containers kept, stored or deposited in the state for the purposes of sale or distribution therein in violation of the provisions of the chapter, is constitutional, though it contains no provision exempting liquors acquired before the prohibition takes effect. *Clement* v. *May,* 136 App. Div. 199; *Clement* v. *Two Barrels of Whiskey,* Id. 291; *Clement* v. *Four Barrels of Beer,* 66 Misc. Rep. 1. The constitutionality of section 246 of the Public Health Law, providing, as to habit forming drugs, that any person, other than a manufacturer of any of the drugs mentioned in section 245, or a wholesale dealer in drugs, or a licensed pharmacist, licensed druggist, duly licensed practicing physician, licensed veterinarian or a licensed dentist, who shall possess any of the drugs mentioned in section 245, or their salts, derivatives or preparations, shall be guilty of a misdemeanor, unless such possession is authorized by the label or certificate decribed in this section, does not seem to have been questioned and is in force. Section 1897 of the Penal Law, making it a crime to possess concealed weapons, is held constitutional and a valid exercise of the police power. *People ex rel. Darling* v. *Warden of City Prison,* 154 App. Div. 413. It is everywhere recognized that " one of the attributes of property is the right of the owner to use and dispose of it" (*People ex rel. Isaacs* v. *Moran,* 150 App. Div. 226, 235; dissenting opinion approved, 206 N. Y. 670), but this right yields to the police power, which is a sovereign power exercised to protect the public health, welfare or morals, " to restrain the individual in the exercise of his rights, when such exercise becomes a danger to the community." Webster's New Int. Dict. "Saleability is an essential element of property, and the destruction or condemnation thereof is a taking of property that cannot be done, except through the exer-

Supreme Court, December, 1918.    [Vol. 105.

cise of the right of eminent domain or of the police power." *Ingersoll* v. *Nassau Electric R. R. Co.,* 157 N. Y. 463. " The amendment (fourteenth) does not take from the .States their powers of police that were reserved at the time the original constitution was adopted. Undoubtedly it forbids any arbitrary deprivation of life, liberty or property, and secures the equal protection to all under like circumstances in the enjoyment of their rights; but it was not designed to interfere with the power of the State to protect the lives, liberty and property of its citizens, and to protect their health, morals, education and good order." *Giozza* v. *Tiernan,* 148 U. S. 657; *Clark Distilling Co.* v. *Western Maryland R. Co.,* 242.id. 311, 332.

The defendants are and were residents of the town of Malone. The people voted the town of Malone dry March 6, 1917, and this law took effect in that town October 1, 1917. Thus, during substantially seven months after the vote, liquors on hand when the vote was taken could have been disposed of.

After a careful examination of the authorities, and accepting the rules that every presumption should be indulged in favor of the constitutionality of a legislative act; and that such act should not be declared unconstitutional unless it is manifestly so, I have concluded that that part of the statute attacked is a valid exercise of the police power; that it is not in violation of any provision of the Constitution, and that the demurrers should be overruled. *People ex rel. Doscher* v. *Sisson,* 180 App. Div. 464; *Ives* v. *South Buffalo R. Co.,* 201 N. Y. 271; *Matter of Wintjen,* 99 Misc. Rep. 471; *Halter* v. *Nebraska,* 205 U. S. 34; *Mugler* v. *Kansas,* 123 id. 623.

**Demurrers overruled.**