Samuel Faile, S.
The State Tax Commission moves to modify an order of this court dated September 27, 1955, imposing a transfer tax of $1,669.20 against the remainder interest of a grandson of testator under article 10 of the Tax Law. It is contended in behalf of the State Tax Commission that such order erroneously applied the rates of tax under section 221-a of the Tax Law to a remainder interest valued at $95,960 without regard to the value of the transfer of a temporary estate to the same beneficiary valued at $63,284 and which if included would have required the fixation of the tax at the step rates prescribed by section 221-a of the Tax Law of $2,511.64 on a transfer valued at $159,244.
The successor trustee contends that the challenged order, if erroneous, constituted a mistake of law which may not be corrected, except by appeal, and that the temporary estate and the remainder interest constitute separate transfers to the same person to be separately appraised and separately taxed.
The testator died a resident of Westchester County on June 12, 1930, and under the second codicil to his will provided for a trust of $100,000 for the benefit of a grandson, Mardick Balizozian. The net income from such trust was payable to such grandson until attainment of the age of 30 years, with provision for the accumulation of income during minority. The principal of such fund was payable to such grandson upon attainment of the age of 30 years, or in the event of his prior death, to his issue per stirpes, and otherwise to his next of kin. The grandson attained the prescribed age of 30 years on July 1, 1955.
*678 By order dated February 19, 1932, the life estate was valued at $63,284, and a tax of $1,015.68 was assessed and paid on such transfer. By order dated June 26, 1945, the remainder interest was valued at $95,960, and a tax computed at the highest possible rate was fixed in the amount ($6,217.20) to secure payment of which bonds of the face value of $7,000 were deposited with the comptroller pursuant to section 241 of the Tax Law.
By order dated September 27,1955, made upon the consent of the State Tax Commission, the tax upon the remainder interest was fixed at $1,669.20. No appeal was taken from such order, and the time to appeal has expired. As above stated, the tax was computed on the value of the remainder interest at the rates prescribed by section 221-a of the Tax Law, without including the value of the temporary estate previously taxed.
A trust to continue until the designated beneficiary attains a prescribed age with the remainder to become absolute, upon attainment of such age and with provision over in favor of others in the event that such beneficiary shall die before attaining such age has been held to create a remainder vested in such beneficiary, subject to divestment in the event of death prior to attainment of the prescribed age. (Matter of Seaman, 147 N. Y. 69; Campbell v. Stokes, 142 N. Y. 23; Manice v. Manice, 43 N. Y. 303; Warner v. Durant, 76 N. Y. 133.)
Under section 221-a of the Tax Law (as amd. by L. 1915, ch. 664 and by L. 1921, ch. 476) a transfer tax is now imposed “ Upon all transfers taxable under this article of property or any beneficial interest therein * * * in excess of the value of five hundred dollars to any lineal descendant of the decedent,” at the rates thereinafter prescribed. (Emphasis added.) It has been held that under the amendment by chapter 664 of the Laws of 1915, all transfers are. to be treated as one. (Matter of Wintjen, 99 Misc. 471; Matter of Garcia, 183 App. Div. 712; Matter of Meserole, 98 Misc. 105.) It has accordingly been held that a revocable gift in trust under which the donor reserved control of the subject of the gift during his lifetime and legacies to the same beneficiaries under the donor’s will should be treated as one testamentary disposition. (Matter of Dana Co., 215 N. Y. 461.)
The statute regulating the rate of tax provides that a tax phall be imposed upon any transfer at the highest possible rate on the happening of any of the contingencies or conditions which the transfer may involve. (Tax Law, § 230; Matter of Zborowski, 213 N. Y. 109.) In Matter of Parker (226 N. Y. 260), the court in fixing the tax determined that no distinction should be drawn between vested and contingent interests and *679 that for the purpose of taxation, contingencies are eliminated and the value of the future estate should be taxed at the highest rate possible. Cardozo, J., in rendering the decision for a unanimous court said at page 263: “ We think the two gifts must be combined in determining their value and measuring the tax. A possible contingency will bring them together in the ownership of the same legatee.” In Matter of Klein (N. Y. L. J., Dec. 18, 1940, p. 2097, col. 2, affd. 262 App. Div. 997), the testatrix created a trust, the income from which was payable to the beneficiary during minority, and the remainder of which was payable to such beneficiary upon attaining the age of 21 years. The Tax Commission appealed to the Surrogate from a pro forma order fixing the tax, contending that the tax rate used in computing the tax on such remainder was erroneous because the value of the temporary life estate was not taken into consideration. In upholding the position taken by the Tax Commission, the court held that the tax “ should be computed on a sum fixed by adding the value of the temporary life estate to the value of the remainder received by her at age twenty-one ”. In Matter of Heilbrunn (7 Misc 2d 341) Surrogate Frahkehthaler affirmed a pro forma order fixing tax which was appealed from on the grounds that ‘ ‘ the appraiser erroneously added the value of full undiminished remainder interests to the value of temporary life estates passing to the same legatees, thereby increasing the rate of tax ”. In affirming such pro forma order fixing tax the Surrogate stated that: “In transfer tax proceedings the aggregate of all legacies to a single legatee must be taken into consideration under section 221-a of the Tax Law as the basis for the assessment.” Accordingly, the court finds that it was error not to add the value of the temporary estate to the value of the remainder in determining the applicable tax rate to be imposed in computing the tax on the remainder under section 221-a of the Tax Law.
The sole remaining question for determination is whether the order fixing tax should be modified so that the correct tax may be imposed upon the transfer. In the instant case, the taxing order was prepared and submitted by the representative of the decedent’s estate and the State Tax Commission consented to the entry of such order. In spite of the fact that section 230 of the Tax Law requires that the tax imposed upon any transfer be at the highest possible rate (Matter of Zborowski, supra) the order signed by the Surrogate did not tax the transfer at such rate. As the attorney for the estate states in his affidavit, there was no argument on the return day of *680 the motion to fix tax and the attorney for the Tax Commission “ consented to the granting of the motion as made and marked the same ‘ Submitted for order ’ ”. Thus, at the time the order was signed by the Surrogate, no issue was raised with respect to the tax rate to be imposed upon the transfer. In a similar situation (Matter of Jagnow, 148 Misc. 657), the Surrogate under subdivision 6 of section 20 of the Surrogate’s Court Act granted the motion to vacate the taxing order on the ground that the order fixing the tax at the lower rate was the result of mistake of fact and stated at page 660: ‘‘ The right of the surrogate to correct his own erroneous order under such circumstances is supported both by the statutes and the decisions.”
Accordingly, the motion by the State Tax Commission pursuant to the provisions of subdivision 6 of section 20 of the Surrogate’s Court Act, to modify the pro forma order fixing tax dated September 27, 1955, and for leave to enter a new order fixing the tax in the amount of $2,511.64 is granted.
Settle decree.