Arthur D. Brennan, J.
In this action brought for a declaratory judgment and for an injunction, the defendant town moves to dismiss the complaint herein for legal insufficiency. Pending the determination of this motion, a certain stay contained in an order to show cause for an injunction pendente lite herein (restraining the defendant from enforcing the provisions of the challenged ordinance adopted by said defendant) was continued in full force and effect.
By this action, the plaintiff seeks an adjudication declaring that a certain ordinance entitled “ Ordinance Regulating Bumps ” (adopted by the defendant town on July 10, 1959) is unconstitutional and void, and an injunction restraining the enforcement of said ordinance. In support of the aforesaid relief prayed for, the plaintiff, who for some years past has rented and thereafter owned, maintained and operated two dumps located within the Town of Cornwall, alleges and contends that the subject ordinance is unconstitutional and void in that: (1) it is not a proper, reasonable and valid exercise of the town’s police power; (2) said ordinance is so vague, indefinite and speculative in its terms and provisions that it fails to provide adequate rules and guides as to that which must be done and that which must be avoided thereunder and is therefore unenforcible; (3) in applying the test of future possibilities in the operation of said ordinance, the defendant town is permitted to act and may act in such an arbitrary and unreasonable manner as to violate the constitutional rights of the plaintiff and others similarly situated in the conduct of his and their business of maintaining refuse and garbage dumps; and (4) section V of said ordinance violates the requirements of due process.
In passing upon the above first three contentions, it becomes important to consider the provisions, purposes and requirements of the subject ordinance. At the outset, said ordinance defines the terms of ‘1 refuse ’ ’ and ‘1 garbage ’ and then it provides that no dump or dumping ground for the collection, accumulation, storage or disposal of refuse or garbage shall be maintained within the confines of that part of the town which lies outside of the incorporated Village of Cornwall-on-Hudson unless a permit therefor be issued by the town. In addition, the ordinance provides that an applicant for such a permit shall state the location of the dump; shall furnish a plot plan of the particular dump site showing the dimensions and area thereof and its relation to adjoining properties; and also that said applicant shall present proof of the fact that he is either the owner of the premises on which the dump is or is proposed to be located or the lessee of said premises under a lease wherein he has assumed *288 the responsibility for the condition of the demised property. Under its remaining purposes and requirements, the ordinance commands that the permittee (a) shall use the maximum practicable rodent, insect and nuisance control at said dump; (b) shall maintain the dump site in a safe and sanitary condition; (c) shall not permit any fire or burning of waste material on the dump site except between sunrise and sunset and then under the personal supervision and control of a responsible person; and (d) shall not burn or permit the burning of any material on said site by a smoldering fire or otherwise which shall cause any offensive or noxious smoke or odor to escape beyond the boundaries of the dump site. Civil and criminal penalties are provided for in the subject ordinance for a violation of the aforesaid licensing provisions and the aforesaid requirements contained in said ordinance.
It appears that the subject ordinance has been adopted and enacted into law pursuant to the authority granted in and by the provisions of subdivision 6 of section 130 of the Town Law wherein each town in this State is permitted to enact an ordinance for the purpose of ‘ ‘ Prohibiting and/or regulating the use of any lands within the town as a dump or dumping ground.” It has long been well settled that garbage is a substance deleterious to the health and safety of the community; that when acting pursuant to statutory authority vested in it by the State Legislature, a municipality may, in the exercise of its police power, adopt an ordinance which regulates the collection, storage or disposition of refuse and garbage; that a municipality is not required to wait until a nuisance actually exists before enacting such legislation but it is entitled to act upon a reasonable apprehension of danger or hazard to the public health and safety; that when the ordinance reasonably provides for the protection of the public health and safety, it may not be unconstitutional even though private rights are thereby incidentally invaded; and that where, as here, the ordinance has a real and substantial relationship and application to an actual or manifest evil pertaining to the public health and safety, the regulations contained in the ordinance may not be said to be unreasonable, arbitrary, capricious, discriminatory or oppressive. (Reduction Co. v. Sanitary Works, 199 U. S. 306; City of Rochester v. Gutberlett, 211 N. Y. 309; Town of Newtown v. Lyons, 11 App. Div. 105; Matter of Stubbe v. Adamson, 220 N. Y. 459; and Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537.)
Indeed, it has recently been held that in the exercise of such police power, a town may adopt an ordinance which regulates the dumping of refuse and. garbage by limiting the Quantity *289 of such deleterious material which may be stored and disposed of within the subject town, and that such an ordinance is not unconstitutional and invalid. (Wiggins v. Town of Somers, 4 N Y 2d 215.) In the light of the above holdings, this court is of the opinion that the plaintiff’s first above contention may not be sustained.
With respect to the second above contention, it is this court’s view that the aforementioned licensing provisions as well as the aims, purposes and requirements of the subject ordinance are all reasonably and sufficiently clear, definite and certain, with the result that it cannot be held that said ordinance is invalid for violating the fundamental rule (enunciated in People v. Grogan, 260 N. Y. 138, and in kindred cases) that statutes or ordinances which create crimes must be definite in specifying the conduct which is condemned and prohibited and that said statutes or ordinances must afford some comprehensible guide, rule or information as to what must be done or what must be avoided, to the end that the ordinary member of society may know how to comply with the requirements of the legislative enactment. (See People v. Eckert, 2 N Y 2d 126,131; People v. Gardner, 255 App. Div. 683; and De Veau v. Braisted, 5 A D 2d 603, 609.) The said second contention is therefore overruled.
Under the third above contention, the plaintiff points out that under the subject ordinance, the town board may, in passing upon and granting a permit for the maintenance of a dump, impose additional terms and conditions upon which the particular permit shall be and remain conditioned; accordingly, said plaintiff expresses his fears that in exercising this right, the town board may, in considering his application for a permit, attach such unreasonable, improper and impossible terms that his fundamental constitutional rights in the operation of his business will be violated. In this court’s opinion, there is no valid basis for the plaintiff’s fears and there is no merit to this contention advanced by the plaintiff. In the first place, the challenged ordinance does not furnish the town board with any such unlimited and untrammeled authority. The ordinance specifically provides that in considering and granting an application for a permit, the town board may only impose such terms and conditions as the board deems reasonable and necessary to accomplish the above-mentioned aims, purposes and requirements of the subject ordinance. These provisions set forth a proper standard for the conduct of the board in imposing reasonable terms and conditions. Moreover, it has been held that even where the approval of a particular permit is lodged in the local legislative board with the result that no standards need be *290 formulated for the hoard’s dispensing power, nevertheless, the board must act fairly and reasonably in the matter and if it acts arbitrarily, capriciously or unreasonably, its action is subject to judicial review in a proceeding brought pursuant to article 78 of the Civil Practice Act. (Matter of Green Point Sav. Bk. v. Zoning Appeals Bd. 281 N. Y. 534, 538-539; and Matter of Frantellizzi v. Herman, 1 A D 2d 980.)
Turning now to the last above-mentioned contention, this court is of the view that the same should be sustained. In section Y of the subject ordinance it is provided that “ The holder of such a permit shall be personally responsible for the condition of such dump site or any condition created elsewhere as a result of the condition of said dump site, and it shall be conclusively presumed that the holder of such a permit has knowledge of any such condition that is noxious or offensive within twenty-four hours after its occurrence.” (Emphasis supplied.)
Even if the “knowledge” mentioned in said section Y be deemed to refer not to a “ condition that is noxious or offensive ” but to a condition which violates one or more of the above-mentioned purposes and requirements of said ordinance, the fact still remains that by the occurrence and continuance of said condition for a period of 24 hours, the permittee is conclusively presumed to have knowledge of the same and would therefore be guilty of a violation of the ordinance. Such a presumption constitutes much more than presumptive or prima facie evidence of the principal fact in issue. It has been held that the presumptive device provided for in a criminal enactment ‘ ‘ may not be employed in such a manner as to impair the right to a trial by jury, relieve the prosecution of its burden of proving guilty beyond a reasonable doubt or otherwise deny to persons accused of crime, 1 those fundamental rights and immutable principles of justice which are embraced within the conception of due process of law (People v. Terra, 303 N. Y. 332, 334.) In this court’s opinion, the provisions of section Y violate the quoted rule and said provisions are therefore held to be invalid.
It should be noted that under section IX of the subject ordinance, it is provided that the invalidity of any portion of said ordinance shall not affect or invalidate the remainder thereof. However, despite this provision, it still becomes necessary to determine whether the subject ordinance may stand with section Y severed therefrom or whether the elimination of said invalidated section is so substantial and crucial a severance as to render the entire ordinance ineffectual and invalid. The tendency has been to apply the principle of severance with increasing liberality. It seems clear that where, as here, it appears *291 that the enactment may function with the invalid part exscinded or rejected, then the court may conclude that the legislative body, if partial invalidity had been foreseen, would have wished the enactment to be enforced with the invalid part exscinded or rejected. (People v. Mancuso, 255 N. Y. 463; and People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N. Y. 48.) In the circumstances here present, this court holds that the subject ordinance with section V thereof excluded should be and is sustained.
In the light of the foregoing views and conclusions and since the material allegations of the complaint are admitted and it appearing from the briefs herein that none of the material allegations of fact alleged in the complaint may be denied, the court should neither grant nor deny the motion to dismiss for legal insufficiency but should proceed to award judgment declaring the rights of the parties. (See Hoffman v. City of Syracuse, 2 A D 2d 653, modified on other grounds 2 N Y 2d 484 and cases cited therein.) Accordingly, the defendant may have judgment on the merits, but without costs, declaring that the aforesaid ordinance of July 10, 1959 is valid in all respects except for the provisions of section V thereof which are declared invalid and that the defendant may not be enjoined from carrying out and enforcing the aforesaid ordinance exclusive of section Y thereof.
The stay contained in the order to show cause issued in this action on July 29, 1959 is vacated. In view of the fact that by said stay the enforcement of the said ordinance has been enjoined until the present time and since the ordinance when first adopted gave any person maintaining a dump on the date of the adoption of said ordinance a period of 21 days in which to apply for a permit to continue the maintenance of such dump, it seems fair and proper that the plaintiff herein should have and he is hereby granted the right to apply for permits to continue his present dumps within 21 days from the service of a copy of the judgment to be entered hereon with notice of entry thereof. (Cf. Mulligan v. County of Westchester, 272 App. Div. 929.)